## SUPREME COURT.

JAMES HULL *et al.* agt. LILLIAN HULL, THE NEW YORK LIFE INSURANCE AND TRUST COMPANY *et al.*

*Insurance (Life) — policy issued on life of husband for use of wife, and if she died to her children for their use, who entitled to share under the policy.*

Where a life insurance policy was issued upon the life of the husband for the use of his wife, and if she died before him the amount of insurance was payable " to her children for their use, or to their guardian if under age," and the wife died before her husband:

*Held*, that a grand child of the insured, the issue of one of the children who died before his mother, is entitled to a share under the policy.

*Special Term, September*, 1881.

THE New York Life Insurance and Trust Company on February 21, 1848, issued a policy for $5,000 upon the life of James S. Hull, for the sole use of his wife, Rachel Hull, and in the event of her death before her husband the amount of such insurance was made payable " to her children for their use, or to their guardian if under age." Mrs. Hull died February 20, 1877, leaving two children — the plaintiffs herein — and three grandchildren, the issue of children who died before their mother. James S. Hull died October 2, 1877, and objection is now made that Lillian Hull, one of the grandchildren, is not entitled to any benefit under the policy on the ground that it belongs to the children of the assured.

*William B. Tullis* and *William B. Hornblower*, for plaintiffs.

*F. F. Vanderveer*, for defendant Lillian Hull.

Hull *et al.* agt. Hull *et al.*

LARREMORE, *J.*— The policy was issued for the sole use and benefit of Rachel Hull, and in case of her death before her husband the amount of insurance was made payable to her children for their use, or to their guardian if under age.

It is contended that Lillian Hull, a grandchild of the assured, is not entitled to a distributive share of the proceeds of the policy, which, by its terms, are given to her children only as a class of persons; that the father of Lillian had only a contingent interest in such proceeds, and that there is by law no representation by descent as to personal property.

We are not left to the stringent rules of the common law as to contracts which have been the subject of adjudication and legislative enactment.

By the policy in question an irrevocable trust was created in behalf of Mrs. Hull and her children (*Barry* v. *Equitable Life Assurance Society*, 59 *N. Y.*, 587). The same principles should be applied in its construction which govern testamentary disposition of property. The intention is clear that in the event of Mrs. Hull's death before the falling in of the policy, it was to enure to the benefit of her children generally. There is no limitation to class or condition (*See Teed* v. *Morton*, 60 *N. Y.*, 506; *Low* v. *Harmony*, 72 *N. Y.*, 408), nor to living or surviving children. Evidently this phraseology was intended to include the children of a deceased child (*Murphy* v. *Harvey*, 4 *Edw. Ch.*, 131; *Campbell* v. *Rawson*. 18 *N. Y.*, 412; *Prowitt* v. *Rodman*, 37 *N. Y.*, 42; *Bowne* v. *Underhill*, 4 *Hun*, 130; *Continental Life Insurance Co.* v. *Palmer*, 42 *Conn.*, 66).

The rights of Lillian in the policy were contingent during the life of her grandmother; but upon the death of the insured the beneficial interest thereunder vested in the children and descendants of children of the assured who then had present capacity to take. This distinguishes the case at bar from the class of cases where the question of an immediate gift and possession was involved.

Having reached this conclusion, it is unnecessary to consider the other branches of the case.

The defendant Lillian Hull is entitled to judgment in her favor for the one-fourth part of the insurance moneys, with costs to be paid out of the general fund.