Filed Nov. 18, 1884.

---

No. 11,299

GROVES v. BARBER.

SHERIFF'S SALE.—*Redemption.*—*Prior Owner of Land.*—*Lien for Redemption.* —*Statute Construed.*—Under the redemption law of March 31st, 1879 (Acts 1879, p. 176), the owner of land sold by the sheriff, at the time of the sale, may redeem the land from such sheriff's sale, but the statute does not give such owner any lien upon the land for the amount of money paid by him in such redemption.

From the Whitley Circuit Court.

*C. Clemans*, for appellant.

*T. R. Marshall* and *W. F. McNagny*, for appellee.

Howk, J.—After this cause had been put at issue, the court, at the request of the appellant, Ann E. Groves, the plaintiff below, made a special finding of the facts and stated its conclusions of law thereon. Over the appellant's exceptions to the conclusions of law, the court rendered judgment thereon for the appellee.

Error is assigned here by the appellant which calls in question the correctness of the court's conclusions of law upon the facts specially found.

The facts so found were, substantially, as follows:

1. John Harbison, the appellant's father, died about fifteen years ago, leaving appellant as one of his surviving children, and the land now in controversy as part of his estate. By purchase from the other heirs of her deceased father, appellant became the owner of all such land, so that, on February 24th, 1875, she was the owner of all the lands as to which, in this action, redemption is sought, and upon which she seeks to have her lien now fixed. She conveyed such land by a deed of general warranty, jointly, to Horace C. McQuirk and Isaac Harrison, and they thereby became the owners of such land; her husband, John W. Groves, joined in such conveyance. The deed was dated and delivered February 24th, 1875, and was upon a consideration of $2,700.

2. McQuirk and Harrison, for a part of the purchase-money of such land, executed four notes, dated April 1st, 1875, each in the sum of $278.43, and secured the payment thereof by their mortgage to John W. Groves on the whole of such land. Such notes and mortgage were assigned and delivered to C. D. and F. D. Cummings, and by them were assigned and delivered to Strauss, Strauss and Strauss, who foreclosed such mortgage when the notes were due and unpaid. After the execution of such notes and mortgage to John W. Groves, McQuirk and his wife conveyed by deed the undivided one-half of such land to Isaac Harrison. Afterwards, on October 16th, 1877, Harrison and wife conveyed by deed, in consideration of $1,600, a certain part of such land to John W. and

Ann E. Groves; and on February 15th, 1878, Harrison and his wife, in consideration of $1,100, conveyed by deed the remainder of such land to John W. and Ann E. Groves. On September 16th, 1878, John W. and Ann E. Groves, in consideration of one dollar, conveyed all the land in controversy to John G. Waldo, for the purpose of vesting the title thereto in Ann E. Groves, and on the same day Waldo and his wife reconveyed such land, for the like consideration, to Ann E. Groves, who had since been and still was the owner and holder of the title thus accquired to such land. For the past seventeen years Ann E. Groves had been and still was a married woman, and the wife of John W. Groves.

3. The facts found by the court, and those recited and set out in "Exhibit A," were facts established by the evidence in this cause, and the various findings, recited and set out in such exhibit, were found as therein stated, and the several decrees and judgments, in such exhibit recited and stated, were rendered and the proceedings therein recited were had as therein stated and recited; which "Exhibit A" was in all things adopted and made a part of this finding.

3½. On the 26th day of February, 1876, Isaac Harrison executed his note to appellee Barber for the sum of $———, and, to secure its payment, executed to appellee his mortgage on forty acres, particularly described, of the land in controversy. At the date of such mortgage Harrison owned the mortgaged land, and having failed to pay such note, the appellee Barber commenced his action against Harrison and others, and, in due form, procured a judgment against Harrison for the foreclosure of such mortgage, as shown in said "Exhibit A."

This "Exhibit A" is a copy of the judgments, decrees and orders of the Kosciusko Circuit Court on change of venue from the Whitley Circuit Court, in the suit of Strauss and others against McQuirk and wife, Harrison and his wife, John W. and Ann E. Groves, Edwin L. Barber and others, for the foreclosure of the mortgage described in the second finding of facts, etc.

4. The return of the sheriff of Whitley county to the order of sale, issued on the aforesaid judgments and decrees of the Kosciusko Circuit Court, in the suit last mentioned, and to him directed, constituted the court's fourth special finding of facts in the case at bar.

5. All the parties to the foregoing proceedings were, at the time they were had, properly before the Kosciusko Circuit Court, and pleadings and issues in such proceedings were filed and joined, so that all the questions found and adjudicated were then properly before the court. Such judgments have never been appealed from, set aside, or in any way vacated.

6. Such judgments and decrees being in force, a certified copy thereof was duly issued out of the Kosciusko Circuit Court to the sheriff of Whitley county, who, as such sheriff, by virtue of such decrees and order of sale, took the steps and did the acts set out in his return thereto, which constitutes the fourth special finding of facts.

7. At the time of the conveyance of such land by Harrison to John W. and Ann E. Groves, they agreed with Harrison, as a part of the consideration of such conveyance to them, to pay off and discharge the mortgage, foreclosed and described in "Exhibit A," as belonging to said Charles Daniels, and the debt in said proceeding recited as due to David B. and Asher R. Clingston, the said judgment and debt, in favor of said Daniels, amounting at the time of the foreclosure to $355. This debt Ann E. and John W. Groves expressly agreed to pay as a part of the consideration of such conveyance. They never did in fact, however, pay such debt, unless the amount paid over to the clerk, recited in finding No. 8, should be held as a payment and discharge of such debt. If that transaction operated as a payment of the Daniels mortgage, and not as a redemption, then she paid the debt, otherwise not.

8. Such real estate, on May 30th, 1879, was sold by the sheriff of Whitley county, as recited and set forth in Exhibit B, being finding No. 4, for the sum of $1,527.66, which sum

Groves v. Barber.

was paid therefor by the purchaser at such sale. On May 27th, 1880, Ann E. Groves, being then and at the time of the rendition of such judgments the owner, in fee simple, of the real estate so sold by her agent duly authorized so to do, proceeded to the office of the Kosciusko Circuit Court, and, then and there intending in that way and thereby to redeem such real estate from such sale, as the redemption money of such land from such sale, she paid to the clerk the sum of $1,679.08. The clerk received such sum as such redemption-money, and in redemption of and from such sale by Ann E. Groves, and executed his receipt to her reciting that such money was received for such purpose. As a part of the gross sum of $1,679.08, intending to redeem from the sale as an entirety, she paid the sum of $392.50, as the amount then due and necessary to be paid by her on the judgment in favor of Daniels, to enable her to redeem.

As conclusions of law upon the foregoing facts, the court found as follows:

"1. That on the day of the rendition of the several judgments and decrees, recited in 'Exhibit A,' and also on May 27th, 1880, Ann E. Groves, the plaintiff and appellant, as the owner of the real estate so sold, was entitled to redeem from such sale as against all the parties to such proceedings, except Charles Daniels.

"2. The payment of the aforesaid sum of $1,679.98, by Ann E. Groves as stated, operated as a redemption by her from the sale stated, as to the amount paid in by her, except as to Daniels' mortgage judgment, and, as to that, it operated as a payment.

"3. As to the sum of $392.50, paid in by her as a part of the $1,679.08, it operated as, and had the force and effect of, a payment of the amount then due and owing to Charles Daniels on his foreclosure, and did not, as between her and Edward L. Barber, constitute as to such sum of $392.50 a lien, which, on such redemption, could be held alive for her benefit, as a lien prior to Barber's, but, as between her and Barber, it operated to discharge the judgment, in favor of Daniels.

" 4. As to said sum of $392.50, such real estate stands discharged from any lien thereon.

" 5. Ann E. Groves, by virtue of her redemption from the lien of Frederick, Jacob and Matthias Strauss, and her payment of the liens of the Daniels mortgage, as stated in the second and third conclusions of law, holds such real estate discharged from such liens; and she does not, as against Barber, hold a prior lien on such land, by virtue of her payment to the clerk of the aforesaid sum of $1,679.08, but such real estate, as between her and Barber, stands discharged from any lien acquired or sought to be acquired by her, by virtue of such redemption. Barber holds, as between him and Ann E. Groves, the first lien on the forty acres of land described in the finding No. 3½ aforesaid, and such real estate is subject to his said debt.    (Signed)    ELISHA V. LONG, Judge."

In his brief of the cause, the appellant's learned counsel says: " The appellant, in order to bring the exact question in the case at bar, before the court, will confine the argument to a discussion of the *fifth* conclusion of law, or what is claimed to be the fifth one found by the court; and, in consideration of the question it raises, an examination of the facts found will have to be made, in order to arrive at a conclusion of law applicable to the case." With this statement before us of the exact question, to which counsel address their argument, we proceed now to the consideration of the *fifth* conclusion of law and of the facts upon which such conclusion is founded.

Did the trial court err in its fifth conclusion of law upon the facts specially found? This is the question we are required to consider and decide. In the determination of this question, it is necessary to the proper understanding of the question and of the grounds of our decision thereof, that we should first ascertain and state, clearly and consecutively, the particular facts found by the court, from which it has drawn its fifth conclusion of law. On and before the 24th day of February, 1875, the appellant, Ann E. Groves, was the owner

in her own right, in fee simple, of all the land in controversy, and upon which she sought, in this suit, to have a lien declared, in her favor, for the money she paid the clerk of the Kosciusko Circuit Court, as stated in the eighth special finding of facts, prior to the lien of the appellee, Barber, on forty acres of such land, as found by the court in special finding No. 3½. As stated in appellant's complaint, the mortgage called the Daniels mortgage was executed by her and her husband, John W. Groves, on the land to secure a note for $300, payable to Joseph A. Cummings, and by him assigned to Charles Daniels. The Daniels mortgage was thus executed on January 1st, 1874. On February 24th, 1875, the appellant and her husband conveyed all the land to McQuirk and Harrison, who, for a part of the purchase-money, executed their four notes of $278.43 each, payable to John W. Groves, and secured their payment by mortgage on all the land. These notes and the mortgage were assigned by Groves to C. D. and F. D. Cummings, and were by them assigned to Strauss, Strauss and Strauss. On February 26th, 1876, the appellee, Barber, acquired his mortgage lien on the forty acres of land, as heretofore stated. All these mortgages were foreclosed, and the land ordered to be sold, by the judgment and decree of the Kosciusko Circuit Court, on the 18th day of March, 1879. A certified copy of such decree and order was duly issued to the sheriff of Whitley county, and by virtue thereof, on May 30th, 1879, he offered and sold according to law all the land to Strauss, Strauss and Strauss, for $1,535.66; which money was applied exclusively on the Daniels decree and the Strauss decree, leaving the Barber decree wholly unsatisfied. Prior to the rendition of such judgments and decrees, to which the appellant and her husband, John W. Groves, were parties, the title to all the land was reconveyed to the appellant, subject, of course, to all the mortgage liens thereon. As the owner of the legal title, the appellant redeemed the lands from the sheriff's sale thereof, within the year allowed by law for such redemption,

Groves v. Barber.

to wit, on May 27th, 1880, by paying to the clerk of the Kosciusko Circuit Court, for the use of the purchasers, the sum of $1,679.08.

Appellant asks in this suit, that the amount of money thus paid by her may be made a charge, in her favor, upon the lands redeemed, and have priority over the appellee's mortgage lien thereon. In its fifth conclusion of law the trial court decided that the appellant was not entitled, in law or equity, to the relief she demanded. The question, and the only question, for our decision is: Did the trial court err in its decision? We think this question must be answered in the negative. At the time of the appellant's redemption of the lands from the sheriff's sale thereof, the act of March 31st, 1879, "providing for the redemption of real property or any interest therein," etc., was the law of this State on the subject of the act. This act authorized the redemption of real property by the judgment defendant, or by the owner of the title of the judgment defendant; but the act gave such a redemptioner no lien whatever for the redemption money paid by him. In this respect, the act of March 31st, 1879, is substantially the same in its provisions, as the prior redemption law of June 4th, 1861, which latter act received a judicial construction, upon the question now under consideration, in McClain v. Sullivan, 85 Ind. 174. Speaking of the redemption law of June 4th, 1861, this court there said, on page 178: "This act authorizes the owner of real property thus sold to redeem it, but does not give him a lien upon it for such redemption money." The same construction must be given to so much of the act of March 31st, 1879, as provides for redemption by the judgment defendant or by the owner of his title; for, as to such redemption, there is no material difference between the two acts. Acts 1879, p. 176.

We find no error in the record.

The judgment is affirmed, with costs.

Filed Nov. 22, 1884.