LOUISE SCHNEIDER, Respondent, v. NORTHWESTERN MUTUAL LIFE INSURANCE COMPANY, Appellant.

St. Louis Court of Appeals, November 27, 1888.

Life Insurance: SURVIVING BENEFICIARY. A policy was issued assuring the life of S. for the benefit of his wife and children, for the term of his natural life. The policy provided: "In case of the death of the said beneficiary before the death of the person whose life is assured, the amount of the assurance shall be paid at maturity to the heirs or assigns of the said person whose life is assured." The person assured died, leaving the widow beneficiary, but no living children or other descendants. *Held* that the widow was entitled to recover in her own right the full amount of the benefit provided for by the policy.

*Appeal from the St. Louis City Circuit Court.*—HON. DANIEL DILLON, Judge.

AFFIRMED.

*Noble & Orrick,* for the appellant.

The deaths of the children of Charles F. Schneider having occurred before his death, the portion of the insurance money to which they would have been entitled if living, must be paid to the heirs of Charles F. Schneider, and these heirs are his brothers and sister, as shown by the agreed statement. The court below erred in rendering judgment for the whole amount in favor of respondent. *Ins. Co. v Baldwin,* 14 Ins. Law

Jour. 813; *Ricker v. Ins. Co.*, 27 Minn. 193; Bliss on Life Insurance, sec. 317; *Ins. Co. v. Flack*, 3 Md. 341; *Newcomb v. Ins. Co.*, 9 Ins. Law Jour. 124; *Robinson v. Duval*, 9 Ins. Law Jour. 897; Hine & Nichols on Assignments, 95–102.

*Rassieur & Schnurmacher*, for the respondent.

In construing the terms of a life policy, the same rules should govern as in the construction of wills. *Duval v. Goodman*, Ins. L. J., 903, in which case the court says: "A life policy for the benefit of the family of the person procuring it, though not a testament, is in the nature of a testament, and in construing it the courts should treat it as far as possible as a will, since in so doing they will more nearly approximate the intention of the person, the destination of whose bounty is involved in the case." In the construction of wills the courts of Missouri, following the courts of other states, have held that a devise to a class, though as tenants in common, will not lapse by the death of one of the devisees before the testator, but the survivors take the whole. *Crecelius v. Horst*, 9 Mo. App. 51, affirmed in 78 Mo. 566; 2 Redfield on Wills, p. 175, sec. 30. So, then, whether the beneficiary in this policy be regarded as made up of joint owners, or of tenants in common, they being described by the general term "wife and children," the rule in this state gives the whole fund to the survivor, following the cases on the subject of legacies: *Jackson v. Roberts*, 14 Gray, 546; *Schaffer v. Kettell*, 14 Allen, 528; *Stires v. Van Renslaer*, 2 Brad. Sur. R. 172; *Viner v. Francis*, 2 Cox Ch. 190; *Corl v. Winder*, 1 Collyer, 321. In the construction of wills, the word "heirs" has been held to be synonymous with "legatee," where it was clear, from the context, that such was the intention of the testator. *Collier v. Collier's Ex'r*, 3 Ohio St. 369. And where the context

shows that the word was used as a word of limitation, and not as a word of purchase, such effect has been given to it, and this is, in fact, the usual force of the word heirs. *Stires v. Van Renslaer*, 2 Brad. Sur. R. 172; *Thompson v. Thompson*, 1 Coll. 388.

THOMPSON, J., delivered the opinion of the court.

The defendant issued a policy assuring the life of Charles F. Schneider, "for the benefit of Louise Schneider, wife, and his children in the sum of two thousand dollars, for the term of his natural life." It also contained the following provision: "In case of the death of said beneficiary, before the death of the person whose life is assured, the amount of the assurance shall be payable at maturity to the heirs or assigns of the said person whose life is assured." It contained no other provision designating the persons who should take as beneficiaries therein. After the execution and delivery of the policy, the assured had four children born to him, all of whom died unmarried and childless prior to his death. At the time of his death he left surviving him his wife Louise Schneider (named in the policy), his mother, and certain brothers and a sister living in Germany. He left a will in which he made his wife his sole legatee and executrix, and she has qualified as such. Since his death his mother has died, leaving as his only heirs at law, his brothers and sister in Germany.

This is an action by the widow to recover in her own right the full amount of the benefit provided for by the policy. The question for decision is whether, upon the foregoing facts (which are agreed to), the widow is entitled to the whole of the fund. The circuit court held that she was, and we are of the same opinion. A policy of life insurance is a contract, and, while it is not a will, it is also in the nature of a testamentary provision by the assured for the beneficiary named therein. In so far as it is a contract, the paramount consideration in its

interpretation is what was intended by *both parties*— upon what understanding did their minds meet? But, in so far as it is analogous to a testamentary paper, the paramount question is, what did *the assured* intend? In respect of the beneficiaries named in the policy, the insurer has but slight interest, so that they are persons having an insurable interest in the life of the assured. Thus, the question here in controversy, whether the meaning of this policy is that the whole fund is to go to the widow and children as a class, with the right of survivorship, or whether it is to go to the beneficiaries distributively, so that the portions of any who may die during the lifetime of the assured shall go to his heirs —must be regarded as a question in which the insurer would have no interest, and about which it would probably be indifferent. The ruling question must then be, what was the probable intention of the assured; and, in case it should become necessary to resort to technical rules of interpretation, we should resort to those which are applicable in the case of wills, rather than to those which are applicable in the case of contracts.

It cannot be for a moment doubted that the intention of the assured was to provide for his immediate family, and not for his collateral relatives living in a far-away country. We cannot for a moment suppose that a man who takes out a policy of life insurance for the benefit of his wife and children intends that, in the contingency of his children's death without issue before his death, but a small fraction of the limited benefit secured should go to his widow, and the greater part of it to a sister and brothers in another country. In order to impute to him such an intent, we must find it expressed in the instrument in unmistakable terms.

Is it so expressed? "In case of the death of the said beneficiary before the death of the person whose life is assured, the amount of the assurance shall be payable at maturity to the heirs or assigns of said person whose

life is assured." What is here meant by the word bene-
ficiary, used in the singular number? Did the assured
mean his wife and children, as a class, considered as a
unit, or did he mean any one of them distributively?
We think he meant the former. If he had meant a thing
so improbable as the latter, we think he would have
said so in apt words. It is more natural, perhaps, to
suppose that this clause was one of the printed clauses
of the policy, framed with the idea that but a single
beneficiary would be designated by the assured. But
we must suppose that it was seen, understood and
adopted by the assured when he accepted the policy.
In its interpretation effect must be given to it as fully as
though it were in writing, which, for aught we really
know, may have been the fact. It is a canon of inter-
pretation that all the parts of a single instrument must
be read together and so as to harmonize with each other,
if possible. So construing this policy, the use of the
word beneficiary in the singular number is consistent
only with the idea that, in the preceding paragraph, he
had designated his wife and children as a beneficiary
class, and not as beneficiary individuals considered dis-
tributively. Moreover, it harmonizes with what it is
more natural to suppose was the real purpose of the head
of a family in taking out a policy of life insurance for
the benefit of his wife and children—namely, to make
a provision for such of them as should survive at his
death, in preference to his own heirs if some of them
chanced to die before that time, but with the proviso
that, in the contingency of all of them dying before that
time, it should pass to such of his relatives as would
take under the statute of distribution.

If, then, we are right in holding that the assured
intended to provide for his immediate family as a class,
it follows that the widow takes the whole fund; because
"where a disposition is made to a whole class, though
as tenants in common, and not as joint tenants, the

death of one or more of the devisees before that of the testator will not cause a lapse, but the survivors will take the whole property." *Crecelius v. Horst*, 9 Mo. App. 51, 54; s. c. affirmed, 78 Mo. 566. This renders it unnecessary to consider whether the view which the respondent had put forward, that the word "heirs" in the clause last quoted is to be regarded as a mere word of description and not as a word of purchase, and is hence capable of being made to read *legatees*, as was done in *Collier v. Collier*, 3 Ohio St. 369, is a sound one. As we find sufficient ground in what has been already said for affirming the judgment, we need not go forward upon this more doubtful ground.

The judgment will be affirmed. All the judges concur.