ELGAR, Guardian, Respondent, vs. THE EQUITABLE LIFE ASSURANCE SOCIETY OF THE UNITED STATES, imp., Appellant.

*January 10—January 28, 1902.*

*Life insurance: Beneficiaries: Vested rights: Designation of beneficiary: Children, when does not include grandchildren.*

1. The beneficiary named in a policy of life insurance, where there is no limitation over in case of the failure of that beneficiary to survive the assured, has a vested right to recover the insurance, subject to the contingency as a condition subsequent, that the assured, who pays the premiums, may, with the consent of the insurer, change the beneficiary.

2. It seems that such vested right of action, on the death of the beneficiary passes, not like real estate, directly to his heirs at law, but, like other personal property, to his administrator or executor.

3. A policy of life insurance was made payable on the death of the assured to his wife, if living, and, if not, to his children, but, if there were no such children surviving, then to the assured's executors, administrators, or assigns. A son and the child of a deceased daughter survived the assured, the wife having predeceased him. *Held*, that by the limitation over on the event none of his children survived him, the assured declared a purpose that neither the grandchild, nor the representative of any deceased child should take, and that payment of the whole proceeds to the surviving son was in accordance with the directions of the policy, and satisfied it.

APPEAL by defendant from an order sustaining demurrer to county: GEO. CLEMENTSON, Circuit Judge. *Reversed.*

Appeal by defendant from an order sustaining demurrer to

its answer. By the complaint and answer it appeared that the defendant issued its policy of life insurance for $1,000 to one Willam Cowduroy, payable upon his death to his wife, Elizabeth A. Cowduroy, for her sole use, if living, and, if not living, to the children of said William Cowduroy, or their guardian for their use, or, if there be no such children surviving, then to the executors, administrators, or assigns of said William Cowduroy, in sixty days after notice. The wife, Elizabeth, died some years before her husband, leaving their two children, Elizabeth and Henry Cowduroy. The daughter, Elizabeth, married one Morrison, and had issue,— one son, William Cowduroy Morrison,—and then died during the lifetime of her father, the assured. At his death he left surviving one son, Henry Cowduroy, besides his grandson, the son of said daughter Elizabeth, whose guardian is the present plaintiff. Upon due proofs, defendant paid the entire amount to the son, Henry Cowduroy. There are no allegations as to the settlement or assignment of the estate of the daughter, Elizabeth. To this state of facts the plaintiff demurred as not sufficient to constitute a defense.

For the appellant there was a brief by *Quarles, Spence & Quarles,* and oral argument by *T. W. Spence.*

For the respondent the cause was submitted on the brief of *T. L. Cleary.*

DODGE, J. The respondent, to sustain the right of action of the grandchild, cites to us a considerable array of decided cases, of which a few present instances of recovery by grandchildren under a policy payable in terms to the children of the deceased. Of these the most direct are *Duvall v. Goodson,* 79 Ky. 224; *Supreme Council Catholic Knights v. Densford* (Ky.), 49 L. R. A. 776; and *Hull v. Hull,* 62 How. Pr. 100. These cases proceed upon the argument that a policy of life insurance, being intended to take effect after the death of the assured, has in it so much of a testamentary

purpose as to justify the inference that by the word "child" the parent intended "issue," and that such construction will be given to save a policy containing no provision for any payment in case there is a failure of surviving children; much force being given to the suggestion that otherwise a policy might not be payable at all,—a result not likely to be intended by the contracting parties. These direct cases are supplemented by the citation of *Continental L. Ins. Co. v. Palmer,* 42 Conn. 60; and *Voss v. Conn. M. L. Ins. Co.* 119 Mich. 161. The Connecticut case may be considered as the leading case in support of this doctrine, as all others refer to it. There the recovery by a grandchild was sustained upon two arguments: First, substantially that of the Kentucky cases above referred to; and, secondly, what to the court seemed consistent, but really is antagonistic, namely, that the right of payment became vested in the beneficiary, and therefore passed upon his death, like any other chose in action, to his or her personal representatives, and that his child was such personal representative. Exactly how the last step, in the absence of administration proceedings whereby that asset had been distributed to the grandchild, can be justified upon legal principles, is not very apparent. That case was followed almost immediately by *Phoenix M. L. Ins. Co. v. Dunham,* 46 Conn. 79, where the court declared *Continental L. Ins. Co. v. Palmer* to be authority for the latter proposition, as distinguished from the former. The Michigan case above referred to is a practical reiteration of the Connecticut case, resting upon it as authority and quoting from it. To the foregoing cases are added *Conn. M. L. Ins. Co. v. Fish,* 59 N. H. 126; *Smith v. Ætna L. Ins. Co.* 68 N. H. 405; and *Johnson v. Hall,* 55 Ark. 210. In all of these it is held, in accordance with the great weight of authority throughout the United States, that the right of recovery becomes vested in the beneficiary named; that, being vested, it is a descendible right, and passes upon the death

of the beneficiary to his personal representatives; notwithstanding which, in the first New Hampshire case and in the Arkansas case recovery by the grandchild was sustained although there was no proof of settlement of the beneficiary's estate, or of distribution of the chose in action to the plaintiff.

The reasoning of these last-mentioned cases, though not the conclusion, is in accord with the overwhelming weight of authority throughout the United States, much of which was collected in the concurring opinion of the present Chief Justice in *Foster v. Gile,* 50 Wis. 603, 609, to which may be added *United States T. Co. v. Mutual B. L. Ins. Co.* 115 N. Y. 152, and *Walsh v. Mutual L. Ins. Co.* 133 N. Y. 408. A collection of authorities on this subject will be found in a note in *Union Central L. Ins. Co. v. Buxer* (Ohio), 49 L. R. A. 737. The foregoing decisions of the court of last resort of New York are clearly inconsistent with *Hull v. Hull,* 62 How. Pr. 100, above cited, and doubtless destroy the authority of that case. The view that the beneficiary named in a policy, where there is no limitation over in case of the failure of that beneficiary to survive the assured, has a vested right to recover the insurance, which right descends as personal property to his personal representative, is thoroughly well established in Wisconsin by a line of cases extending from *Foster v. Gile, supra,* to *Alvord v. Luckenbach,* 106 Wis. 537, subject, it is true, to the contingency as a condition subsequent, that the assured, who pays the premiums, may, with consent of the insurer, change the beneficiary. As a corollary, it would seem to follow that the vested right of action on the death of the beneficiary passes, not, like real estate, directly to his heirs at law, but, like other personalty, to his administrator or executor. *Foster v. Gile,* 50 Wis. 609.

The policy before us for construction differs, however, from any of those considered in the cases above cited, in that it does expressly provide a beneficiary in the contingency that

there shall fail to be any class of children surviving at the
death of the insured. This clause is highly significant of the
intention resting in his mind at the time of making the con-
tract. First, it serves to exclude an inference of intention
that by the words "children of said William Cowduroy" he
meant "issue." Evidently he had in mind the event of non-
existence of those specifically designated as children, to wit,
his immediate issue, and could not have contemplated the
much more remote and improbable contingency of ultimate
failure of any issue. The very reasons upon which several
of the courts have proceeded in imputing a purpose to include
grandchildren indicate the significance of a limitation over
upon failure of children. We think it entirely plain from
this precautionary clause that it was not the intention of the
insured that the right to the insurance money should proceed
further downward in the chain of either relationship or de-
scent than his children; that he purposed to exclude not only
grandchildren as beneficiaries, but the personal representa-
tives of any of his children who might die; and that it evinces
a purpose, in the event of the prior death of his wife, to bene-
fit a class consisting of his children, if that class still per-
sisted at the time of his own death. This view is confirmed
by the only decisions which we have found upon policies
having the peculiarity now under discussion. The most di-
rect of these is *Lane v. De Mets,* 59 Hun, 462, where the
wording of the policy was identical with that under con-
sideration, and where the facts presented were the same,
namely, the prior death of the wife, leaving two children;
the death of one of these children, leaving a widow and chil-
dren who survived the insured; and survival by the other
child. Suit was brought by the widow of the deceased child,
as his executrix. It was held that by the words used a class
of beneficiaries, namely, the children of the insured, was cre-
ated, and that such class, and not its component members,
was the beneficiary, since only upon complete failure thereof

was the third contingency, namely, payment to the adminis-
trator of the assured, to take effect; hence that, under the
well-recognized rule with reference to bequests to a class, the
payment must be made to such members thereof as survived
at the time of payment. *Viner v. Francis,* 2 Brown, Ch. 658;
*Stewart v. Sheffield,* 13 East, 526; *Crecelius v. Horst,* 78
Mo. 566. In *Schneider v. N. W. M. L. Ins. Co.* 33 Mo. App.
64, the policy was payable to wife and children, and provided,
"In case of death of the said beneficiary before the death of
the person whose life is assured, the amount of the assurance
shall be paid at maturity to the heirs or assigns of said per-
son whose life is assured." The widow, but no children, sur-
vived. The court held that the limitation over evinced the
intention to create a class as a beneficiary, and that the whole
money should be paid to such persons, if any, who consti-
tuted that class at the time when the payment became due,
and accordingly sustained the right of the widow to the en-
tire fund. In *Covenant M. B. Asso. v. Hoffman,* 110 Ill.
603, a somewhat different view was taken, though equally
fatal to the right of recovery by the plaintiff in this action.
It was there held that the effect of the limitation over in case
of failure of surviving children was to exclude all in-
ference of intention either that grandchildren should take,
or that the right should become so vested in children during
the life of the insured that it would descend to their personal
representatives; the result reached by the court being that
upon the death of any child the proportionate share of that
child passed not to the survivors of the class, but to the estate
of the insured. This conclusion was repudiated by the su-
preme court of Pennsylvania in *Clark v. Dawson,* 195 Pa.
St. 137, and the surviving children were held entitled to the
entire fund, without passing on the question whether they
took as survivors of the class, or as heirs of their deceased
brothers and sisters.

We are satisfied that the reasoning of the two former cases

is the more logical and in accordance with general principles; that by the provision that in the event that none of his children survived him he declared a purpose that neither grandchildren nor representatives of any deceased child should take, but that the entire insurance should be paid to such of his children as did survive; hence that the payment to Henry Cowduroy, the only child surviving the death of the insured, was in accordance with the directions of the policy, and satisfied it; and that neither the grandchild, William Cowduroy Morrison, nor the administrator of his mother, has any claim thereto. Hence the answer stated a good defense, and demurrer to it should not have been sustained.

*By the Court.*—The order appealed from is reversed, and cause remanded, with direction to overrule the demurrer.

