GRAHAM, Appellant, vs. DREUTZER, Respondent.

*January 8 — January 28, 1890.*

*Judgment: Discharge in bankruptcy: New promise: Execution.*

A promise by a debtor to pay a judgment which will be barred by his discharge in bankruptcy proceedings then pending, does not authorize the judgment creditor to issue execution and sell the debtor's land without first proceeding to remove the bar of such discharge and revive the judgment.

APPEAL from the Circuit Court for *Door* County.

Ejectment. The land in question was acquired by the plaintiff on December 6, 1884, and was sold to the defendant under an execution issued December 16, 1884, on a judgment against the plaintiff, rendered February 27, 1877. Other facts are stated in the opinion. The plaintiff appeals from a judgment in favor of the defendant.

For the appellant there were briefs by *Turner & Timlin*, and oral argument by *W. H. Timlin*.

For the respondent there was a brief by *O. E. & Y. V. Dreutzer*, and oral argument by *O. E. Dreutzer*.

ORTON, J. The plaintiff, as the original owner of the land, brought this action of ejectment against the defendant in possession, holding under a sheriff's deed as purchaser at a sale of the land under execution on a judgment in favor of Graff & Sherman against the plaintiff, rendered February 27, 1877. The plaintiff introduced his discharge in bankruptcy, dated September 14, 1885, on a petition in bankruptcy filed August 29, 1878. The defendant then offered evidence tending to prove that the plaintiff, in 1883, promised unconditionally to pay said judgment. On the finding of these facts, the court rendered judgment dismissing the complaint; and this appeal is from said judgment.

The learned counsel of the appellant do not controvert these facts, and the learned counsel of the respondent do not seriously question the effect of the plaintiff's discharge in bankruptcy upon the said judgment. The judgment was anterior to the filing of the petition, and a provable demand. There is therefore no such question as was involved in *Leonard v. Yohnk*, 68 Wis. 587. The objections made to the admission in evidence of the discharge were only that it did not appear that there were any bankruptcy proceedings pending; that it was not proof according to the statute; and that it was not properly authenticated. The ob-

jections did not go to the legal effect of the discharge to bar the judgment. We shall consider only the question principally discussed on the argument: Can this defense of the sheriff's deed under the judgment be made available in this action, in connection with proof of the subsequent promise?

1. We do not think that this is merely a question of pleading. Matters of title are supposed to be mainly involved in ejectment. The judgment, as the basis of the sheriff's deed, was barred, discharged, and invalidated on the record. It does not exist as the foundation of title. It was not admissible in evidence for such purpose. On objection, and production of the discharge, it should have been rejected. It is *functus officio* as a judgment,— dead, and wiped out. How can it be revived? Must it not be by some direct proceeding acting upon the discharged judgment? Can it be done incidentally and collaterally in a case where it is simply offered in evidence by the mere ruling of the court on its admissibility? There should be an adjudication that the judgment be revived or re-established for some sufficient reason. Then the new or revived judgment would stand upon the record as a valid judgment, and could be introduced in evidence as such.

2. The judgment in ejectment should appear on the record to be a complete bar to another suit involving the same material issues or subject matter. In this case, however, on the ordinary issue in such an action, the court revives a discharged judgment by a new promise, and yet this important issue does not appear upon the record. But the judgment remains as before, discharged and of no effect; and there is no record to the contrary in this suit or elsewhere in respect to the title in dispute. We are satisfied that the bar of the discharge in bankruptcy cannot be removed from the judgment, and the judgment revived so as to become the foundation of the defendant's title, in this way.

The new promise did not *ipso facto* remove the bar of the discharge, but it may be good cause for an adjudication to that effect.

The authorities on the subject are in conflict. The discharge in bankruptcy not only bars the remedy, but extinguishes the debt; and we think that some affirmative action must be taken, not only to remove the bar of the discharge, but to revive the obligation. There is a moral obligation in the original debt, as a foundation for the revival of the legal one by a new promise. That is the theory of *Maxim v. Morse*, 8 Mass. 127. The principles and practice in that case seem to be the most consistent with reason, and are in analogy to the practice in cases of a new promise to remove the bar of the statute of limitations. The suit was brought on the judgment. The defendant pleaded in bar the discharge in bankruptcy, and the plaintiff replied the new promise. The court answered the motion in arrest on the ground that the action should have been brought upon the promise and not on the judgment; that "the inconsistency is in appearance more than in reality. A good collateral fact was put in issue, on which a regular judgment may be entered in the action." In *Murphy v. Crawford*, 114 Pa. St. 496, and in *Ott v. Perry*, 1 Phila. 77, and in some other cases, it is held that the action should be brought directly on the promise, on the ground that the original debt is extinguished. That is a mere technicality. If the action is brought on the promise, the judgment must nevertheless be brought into the case as the foundation or consideration to support the promise; and in either case there is a new judgment. The practice in Massachusetts is the better one, as it is in harmony with that in cases of the statute of limitations, well established in this state and elsewhere. But, whether the action should be brought on the judgment or promise, the courts agree that "the judgment is discharged and annulled as an act of the

court by the decree in bankruptcy, and its vitality gone," and that " none but the court can give it new life," and that "this cannot be done by matter *in pais*," as in *Ott v. Perry, supra.* In this way the promise becomes a part of the record, and the judgment a good foundation for the sale and title, and record evidence of it in ejectment. The evidence of the new promise to affect the judgment barred by the discharge in bankruptcy was insufficient and improper. The title of the defendant, based upon the judgment, was therefore insufficient and of no effect as against the plaintiff's original title. This would seem to render the proceedings by execution and sale void and of no effect. Whether they may become valid by any future proceedings to enforce the promise, *quære.* The court should have found the plaintiff's title good, and rendered judgment accordingly.

*By the Court.*— The judgment of the circuit court is reversed, and the cause remanded with direction to render judgment in favor of the plaintiff.