Town of Vaughn, Respondent, vs. Town of Montreal, Appellant.

*February 2—February 21, 1905.*

*Towns: Division: Apportionment of "indebtedness then incurred:"*
*Water rentals.*

Where, prior to the formation of a new town from a part of a
town already organized, the latter had contracted to pay a cer-
tain sum annually to a water company for hydrant rentals,
such rentals accruing after the division of the town were not,
at the time of such division, any part of "the indebtedness then
legally incurred" by the old town, within the meaning of sec.
672, Stats. 1898, providing for apportionment of such indebted-
ness.

Appeal from an order of the circuit court for Iron county:
John K. Parish, Circuit Judge. *Reversed.*

The complaint in this action alleged, in substance, the fol-
lowing facts: In 1890 the plaintiff town entered into a con-
tract with the Hurley Water Company by which it agreed
to pay the water company $4,000 a year for hydrant rentals
and water service for a period of years. In 1900 the defend-
ant town was organized out of a portion of the territory of
plaintiff town, and the county board, by the ordinance of di-
vision, determined that the defendant town should be charge-
able with 23.15 per cent. of the indebtedness of the old town.
Subsequent to such division the plaintiff town paid out
$16,333.33 for hydrant rentals under such contract, and it
now brings this action to recover 23.15 per cent. thereof, viz.,
$3,781.06, from the defendant town, as the share for which
the defendant is liable under such ordinance of division. The
defendant demurred to the complaint. The court overruled
the demurrer, and the defendant appeals.

For the appellant there was a brief by *Lamoreux & Shea,*
and oral argument by *W. F. Shea.* They argued, among

other things, that such a contract as that here involved does not create any debt. It is not the contract, but the performance of the service under it, which gives rise to the debt. *Herman v. Oconto,* 110 Wis. 660, 672–674; *Stedman v. Berlin,* 97 Wis. 505, 511, 512; *Smith v. Dedham,* 144 Mass. 177, 10 N. E. 782; *Crowder v. Sullivan,* 128 Ind. 486, 28 N. E. 94; *Ludington W. S. Co. v. Ludington* (Mich.) 78 N. W. 558; *Saleno v. Neosho* (Mo.) 27 L. R. A. 769; *Cunningham v. Cleveland,* 98 Fed. 657; *Weston v. Syracuse,* 17 N. Y. 110; *Beard v. Hopkinsville* (Ky.) 44 Am. St. Rep. 229–243, 23 L. R. A. 405, notes; *Whitney Arms Co. v. Barlow,* 68 N. Y. 34; *Wood v. Partridge,* 11 Mass. 488, 493.

For the respondent there was a brief by *Geo. C. Foster,* attorney, and *R. Sleight,* of counsel, and oral argument by *Mr. Foster* and *Mr. Sleight.* They contended, *inter alia,* that in sec. 672, Stats. 1898, the legislature plainly had in mind debts to become due as well as debts already due, for it provides for payment of the new town's proportion of the indebtedness *"at such times as the same shall become payable."* Note, also, the use of the term "indebtedness" in sec. 944. Had the intention been otherwise, the term used in sec. 672 would not have been "indebtedness then legally *incurred"* but "indebtedness then legally *due."* See *Knight v. Ashland,* 61 Wis. 233, 245; *Hensley v. People,* 84. Ill. 544; *In re Lambie's Estate,* 94 Mich. 489; *U. S. Blowpipe Co. v. Spencer,* 40 W. Va. 698.

WINSLOW, J. Sec. 672, Stats. 1898, provides as follows:

"Whenever the county board shall form a new town from parts of a town or towns already organized they shall, by their ordinance of division, determine what portion of the indebtedness then legally incurred by such old towns shall be chargeable to the respective portions so detached to form such new town; and such new town shall pay the proportion of such indebtedness so declared chargeable to such detached portions at such time as the same shall become payable; and

for that purpose the town board of such new town shall levy a tax upon all the taxable property of such portions thereof so chargeable therewith."

The only question presented upon this appeal is whether the annual hydrant rentals falling due after the division constitute "indebtedness then legally incurred," i. e., at the time of the division. It seems to us entirely clear that this question must be answered in the negative. This court has held, after careful consideration and review of the authorities, that such payments falling due upon the rendition of services in the future, though fixed by the terms of an existing contract, do not constitute "existing indebtedness," within the meaning of sec. 3, art. XI, of the state constitution, which prohibits any municipal corporation from becoming indebted to an amount, "including existing indebtedness," exceeding five per centum of its taxable property. *Stedman v. Berlin,* 97 Wis. 505, 73 N. W. 57; *Herman v. Oconto,* 110 Wis. 660, 86 N. W. 681. Possibly by some refined reasoning a distinction might be drawn between the terms "indebtedness existing" and "indebtedness incurred," but for all practical purposes they seem to be synonymous. A debt which exists must have been incurred, and, on the other hand, if it has been incurred, and has not been in some way discharged, it exists. While the contract to pay hydrant rental in the future as water is furnished is a contract obligation, no indebtedness accrues until the water has been furnished, and the statute speaks not of contract obligations in general, but of contract obligations which have become indebtedness.

*By the Court.*—Order reversed, and action remanded with directions to sustain the demurrer to the complaint.