## Carr, Appellant, v. Myers.

*Bankruptcy—Insurance—Suit by trustee—Pleadings—Statement.*

Where a woman who is a beneficiary in policies of life insurance on the life of her husband, assigns the policies to her daughters, and thereafter becomes a bankrupt, and the daughters after the death of the husband collect the proceeds, the trustee in bankruptcy of the mother in a suit against the daughters to recover the proceeds, must, in his statement of claim, aver that the bankrupt had a property in the policies "which, prior to the filing

of the petition in bankruptcy, she could by any means have transferred, or which might have been levied upon and sold under judicial process against her." A mere averment that the bankrupt was the beneficiary in the policies is wholly insufficient.

Argued Jan. 17, 1905.   Appeal, No. 158, Jan. T., 1904, by plaintiff, from judgment of C. No. 5, Phila. Co., Sept. T., 1901, No. 3043, for defendant on demurrer to statement in case of George W. Carr, trustee of Mary Myers, in bankruptcy, v. Lillie Myers, Elsie Myers and Bella Myers.   Before MITCHELL C. J., DEAN, FELL, BROWN, MESTREZAT, POTTER and ELKIN, JJ.   Affirmed.

Demurrer to statement.

The averments of the statement of claim are set forth in the opinion of the Supreme Court.

*Error assigned* was in sustaining demurrer to statement.

*Alex. Simpson, Jr.*, with him, *C. Wilfred Conard* and *Harry E. Kohn*, for appellant.—The proviso in section 70 of the act inferentially shows that interests in insurance policies are recognized as passing to the trustee in proper cases and the cases in the various bankruptcy courts have frequently been so decided: In re Slingluff, 5 Am. Bank Rep. 76; in re Welling, 7 Am. Bank Rep. 340; 113 Fed. Repr. 189; in Re Holden, 114 Fed. Repr. 650.

In Pennsylvania it has been long settled law that the interests of the beneficiary in policies of life insurance is absolutely vested, and, save for the liability to being defeated by a failure to pay the premiums when due, similar to any other chose in action: Deginther's App., 83 Pa. 337; Mutual Aid Society v. Miller, 107 Pa. 162; Anderson's Est., 85 Pa. 202: Baltz's Est., 4 W. N. C. 447; Waltz v. Mutual Aid.Society, 5 Pa. C. C. Rep. 208.

The rule above stated is the same throughout the country as is indicated by the following authorities: Central Banks of Washington v. Hume, 128 U. S. 195 (9 Sup. Ct. Repr. 41); McCauley's App., 93 Pa. 102; Wirgman v. Miller, 98 Ky. 620 (33 S. W. Repr. 937); Golden Star Fraternity v. Martin, 59 N. J. Laws 207 (35 Atl. Repr. 908); Locomotive Engi-

neers' Mutual Life and Accident Ins. Assn. v. Winterstein, 68 N. J. Eq. 189 (44 Atl. Repr. 199).

The interest of the beneficiary was assignable: Wheeland v. Atwood, 192 Pa. 237; Dusenberry v. Life Ins. Co., 188 Pa. 454; Herr v. Reinoehle, 20 Lanc. Law Review, 291; Landrum v. Knowles, 22 N. J. Eq. 594; Hewlett v. Home for Incurables, 24 Alantic Repr. 324.

Courts of bankruptcy have held policies of insurance to go to the trustee: In re Slingluff, 5 Am. Bankcy. Rep. 76; In re Welling, 113. Fed Reps. 189.

The trustee took all of the interest which Mary Myers had in the policies at the date of her adjudication. That is, he took the whole interest: Deginther's App., 83 Pa. 337; Downey v. Hoffer, 110 Pa. 109.

*John Weaver* for appellees.—All of the Pennsylvania cases recognize that where the policy of insurance gives the insured permission to change the name of the beneficiary he may do so without notice to the beneficiary, and that if the policy does not give such permission the name can be changed by the insured with the consent of the beneficiary: Waltz v. Mutual Aid Society, 5 Pa. C. C. Rep. 208; Scott v. Dickson, 108 Pa. 6; Fisk v. Equitable Aid Union, 20 W. N. C. 290.

The trustee took no interest in the policy: In re McDonnell, 4 Am. Bankcy. Rep. 92.

OPINION BY MR. JUSTICE BROWN, April 10, 1905:

All that we know of plaintiff's case is gathered from his statement of his cause of action. On the demurrer to it by the appellees the judgment below was in their favor, and, if no good cause of action against them was set forth in the statement, their demurrer was properly sustained.

Mary Myers was adjudged a bankrupt December 19, 1899. At that time she was named as the beneficiary in four insurance policies that had been issued by The Equitable Life Assurance Society of the United States on the life of her husband, Abraham H. Myers, the aggregate amount of the insurance having been $13,000. On February 26, 1901, she and her husband, as the assured, made an assignment of the policies, without any consideration, to Lillie Myers, Elsie Myers and Bella Myers, admitted on the argument to be their daughters. The policies

of insurance were not scheduled by the bankrupt as a part of her estate, and the plaintiff, who had been duly appointed her trustee in bankruptcy, had no knowledge of their existence, nor of the assignment to the appellees, until after the money had been actually paid to them by the insurance companies upon the death of Abraham H. Myers, which occurred on or about February 28, 1901. These are the facts upon which the plaintiff relies to recover from the defendants the proceeds of the policies that were paid to them. His claim is based on section 70a of the bankrupt act of July 1, 1898.

If Mary Myers had such an interest in the policies as amounted to property which she "could by any means have transferred, or which might have been levied upon and sold under judicial process against" her, her title to such property vested in her trustee in bankruptcy as of the date she was adjudged a bankrupt. Such are the words of the act of congress upon which the appellant relies and in which there is a reference to insurance policies held by bankrupts. But before a trustee in bankruptcy can lay his hands on a policy of insurance, or the proceeds of it, if paid to another than the bankrupt, as being assets of the estate to be distributed among the bankrupt's creditors, he must be able to prove that the policy belonged to the bankrupt, having to him some value—either a cash-surrender value, payable to himself, his estate or personal representatives, or an actual value, of benefit to his creditors, if the proviso in section 70a of the bankrupt act is not an exclusive definition of what class of policies vest in the trustee: In re Slingluff, 5 Am. Bank. Rep., 76. If there must be proof of ownership by the bankrupt of property of value to him or his estate, there must be allegation of it in the pleadings. The only allegation of any interest of this bankrupt in the policies of insurance is that she had been named as a beneficiary in them. Under what terms and conditions had she been so named? What may have been the reserved right of the husband, on whose life they were issued, to name another beneficiary in her place? As the assured, he assigned the policies to his children, and in the assignment, it is true, his wife joined. But was her joining necesssary to enable him to assign them? Copies of the policies are not attached to the statement, nor is there any reference to their terms and conditions, and

the mere naked allegation of the wife's beneficial interest in them, without defining, or attempting to define, what that interest was, is not an allegation that she had "property in them which, prior to the filing of the petition in bankruptcy, she could by any means have transferred, or which might have been levied upon and sold under judicial process against her." Unless she had property in them, no assignment by her alone would have been in fraud of the rights of creditors, for she would have assigned nothing that would have been of any value to them; and before these appellees can be compelled to pay to her creditors the money which they received as insurance on their father's life, it must affirmatively appear that their mother gave them what belonged to her creditors. This does not appear here, and we affirm the judgment because the second and sixth grounds of demurrer were well taken. The other questions discussed by the appellant and appellees are not properly before us on the facts as they appear in the plaintiff's statement. We confine ourselves to a consideration of what we there find. A discussion of anything else would be on a conjecture of what were the terms and conditions of the policies relating to Mary Myers, the beneficiary named therein.

Judgment affirmed.