MEGGETT, Respondent, vs. NORTHWESTERN MUTUAL LIFE INSURANCE COMPANY: SMITH and others, Appellants.

*March 10—March 30, 1909.*

*Life insurance: Who may assign policy: Rights of assignee: Exclusion of beneficiaries.*

1. A person who obtains insurance on his life and pays the premiums for the benefit of another may assign or dispose of the policy in any manner not inconsistent with its terms, to the exclusion of the beneficiary named therein.

2. A daughter applied for insurance on the life of her father, and was named as beneficiary in the policy, which further provided that in case of her death before the death of her father the insurance should be payable to his heirs at law. Either she or her father paid the premiums. *Held* that, as owners and in control of the policy, the daughter and her father had full power to assign it.

3. The daughter, with the assent of the father, assigned the policy "and all . . . sums of money . . . now due or hereafter to arise or to be had or made by virtue thereof, and subject to all the terms, conditions, and provisions of said policy." *Held,* that such assignment was not restricted to any interest less than all the rights and interest inhering in the contract, and that thereunder the right of the assignee to the policy and its proceeds became absolute and the interest of all persons named therein as beneficiaries ceased.

APPEAL from an order of the circuit court for Dane county: E. RAY STEVENS, Circuit Judge. *Affirmed.*

This is an action to determine the ownership of the proceeds of an insurance policy. On December 13, 1864, the defendant company issued a policy of insurance upon the life of Alexander Meggett. The complaint alleges that Mary H. T. Meggett, a daughter of the insured, paid the first premium. The policy provided that the premiums should be paid in ten annual payments and that the policy should mature at Alexander Meggett's death. October 6, 1873, Mary H. T. Meggett, then a single woman twenty-two years of age, assigned the policy with the consent of her father, the insured, to her stepmother, Sarah A. Meggett. Mary H. T. Meggett afterwards married and died, and at her decease left surviving her three children, who are defendants in this action. Sarah A. Meggett died after Mary H. T. Meggett, and left surviving her her husband, the insured, and two children, the plaintiff and Frank T. Meggett. These were her only heirs at law. Alexander Meggett, after the death of Sarah A. Meggett, assigned the policy of insurance to the plaintiff. Frank T. Meggett and Alexander Meggett as special administrator of the estate of his deceased wife, Sarah A. Meggett, jointly assigned the policy to the plaintiff. At the time of the death of the insured, July 16, 1907, he left surviving him as his only heirs at law the three children of his deceased daughter and his two sons, the children of Sarah A. Meggett, plaintiff and Frank T. Meggett. Frank T. Meggett has assigned any interest or claim he might have in the policy to the plaintiff.

After plaintiff had made proof of death and proved the above facts as establishing his interest in the policy and his right to the proceeds, the defendant company paid plaintiff two thirds of the proceeds of the policy, but refused to pay him the other one third. Plaintiff brought his action, alleging the facts as given above and also that the premiums had

all been paid. The answer of the defendant company admits the allegations of the complaint except as to proof of plaintiff's interest in and right to the one third of the proceeds of the policy, and requests permission to pay this sum into court and be released. This is an appeal from the order of the court overruling the demurrer of the individual defendants to the complaint on the ground that it did not state a cause of action.

*Wm. R. Bagley,* for the appellants, contended, *inter alia,* that the mere fact that Alexander Meggett's life was insured by a policy procured by his daughter did not give him the power to assign the policy to the exclusion of the beneficiaries named therein. *Ferdon v. Canfield,* 104 N. Y. 143. The interest of Mary H. T. Meggett as assured was contingent, and her assignment to her stepmother assigned no greater interest. 25 Cyc. 777, note 84; *Conn. Mut. L. Ins. Co. v. Burroughs,* 34 Conn. 305; *Stevens v. Germania L. Ins. Co.* 26 Tex. Civ. App. 156; *Mut. L. Ins. Co. v. Hagerman,* 19 Colo. App. 33; *Appeal of Brown,* 125 Pa. St. 303; *Entwistle v. Travelers Ins. Co.* 202 Pa. St. 141. The assignment by Mary to her stepmother was conditional, being expressly "subject to all the terms, conditions, and provisions of" the policy. One of the conditions of the policy is that the proceeds shall be paid to Mary in case she shall survive her father; and it is provided in the policy that in the event that Mary does not survide her father, the proceeds shall be paid to her father's heirs at law. After the death of Mary the right of the heirs at law of Alexander Meggett to the proceeds of the policy became absolute and indefeasible.

For the respondent there was a brief by *Olin & Butler,* and oral argument by *H. L. Butler.*

SIEBECKER, J. The allegations of the complaint set forth the contract and the assignment by which the rights to the proceeds of the policy are established. It appears therefrom

that the policy called for the payment of ten annual premiums during the first ten years after its issue and was to mature at the death of Alexander Meggett, the insured. The assignment by Mary to her stepmother, Sarah Meggett, was assented to by the insured, was made October 6, 1873, and was based on a valuable consideration. She thereby "granted, assigned, transferred, and set over . . . unto the said Sarah A. Meggett, her heirs, executors, administrators, and assigns the said policy of assurance, and all . . . sums of money, interest, benefit, and advantage whatsoever now due or hereafter to arise or to be had or made by virtue thereof, and subject to all the terms, conditions, and provisions of said policy of assurance. To have and to hold the same unto the said Sarah A. Meggett and her heirs, executors, administrators, and assigns forever." The policy assures the life of Alexander Meggett and is payable at his death, and, "in case of the death of the said assured before the death of the said person whose life is assured, the amount of the said insurance shall be payable to the heirs at law of the said Alexander Meggett." The question presented by the demurrer goes to the legal effect of the assignment in view of the provisions of the policy.

The allegations of the complaint are in effect that the policy issued on Mary's application, that she paid the first premium, and that she was the beneficiary. It is not alleged in terms whether or not her father, the insured, thereafter paid the premiums, and, for the purposes of the question raised, we do not deem it essential to determine this fact, since presumably either she or her father, the insured, paid them. The facts as pleaded, then, are that she was the applicant for the insurance, she was named as beneficiary in the policy, either she or her father paid the premiums, and, before payment of the premiums had been completed, she made an assignment of the policy with the assent of the insured. We have then an assignment of this policy by the assured with the consent of the insured, the fact that the premiums due thereon up to

the time of the assignment had been paid by them, and the presumption that the assignee paid the remaining unpaid premiums.

The right of the party who obtains insurance and pays the premiums for the benefit of another to make an assignment of an insurance policy is well established in this state. Counsel of both parties concede this. It has repeatedly been held that the person so obtaining, paying for, and carrying the insurance "may dispose of the policy by will or in other manner not inconsistent with the terms of the policy, to the exclusion of the beneficiary named therein." *Rawson v. Milwaukee Mut. L. Ins. Co.* 115 Wis. 641, 92 N. W. 378. In the hands of such a party the policy has attached to it the right and power of such party to dispose of it as a chose in action in any of the ways provided by law. As declared in *Opitz v. Karel,* 118 Wis. 527, 95 N. W. 948, it represents a subsisting obligation, as do notes, bonds, and certificates, and evidences an amount to be paid at a time fixed by its terms, though it may lapse through failure to comply with its terms. But such a contingency cannot destroy its character as a transferable chose in action while it subsists as a valid obligation, and, when legally assigned, title to the proceeds of the policy becomes vested in the assignee. *Clark v. Durand,* 12 Wis. 223; *Estate of Breitung,* 78 Wis. 33, 46 N. W. 891, 47 N. W. 17; *Slocum v. N. W. Nat. L. Ins. Co.* 135 Wis. 288, 115 N. W. 796.

The allegations of the complaint sustain the claim that at the time Mary, with the consent of the insured, assigned the policy to her stepmother, she and her father were in control of the policy, since they had obtained its issuance and had paid the premiums. Under these circumstances we perceive no reason why they, as owners of the policy, could not deal with it to the same extent as if the insured alone had obtained the insurance, paid the premiums, and kept control of the policy. The ownership and right to deal with the policy as a

valid obligation was held by them jointly and vested in them all the rights held under the law of this state by the insured under the same conditions.

Nor do we find any restriction in the form of assignment limiting the transfer to any interest less than all the rights and interest inhering in the contract. We are of opinion that, when the assignment to Sarah A. Meggett was consummated, her rights and interest in the policy and its proceeds became absolute and the interest of all persons named therein as beneficiaries ceased. 2 May, Ins. §§ 388, 389; *N. Y. Mut. L. Ins. Co. v. Armstrong,* 117 U. S. 591, 6 Sup. Ct. 877.

Upon these considerations we must hold that the trial court properly overruled the demurrer.

*By the Court.*—The order overruling the demurrer of the individual defendants is affirmed.