In re HOGAN.

(District Court, W. D. Wisconsin. April 13, 1911.)

1. INSURANCE (§ 586*)—INTEREST TO BENEFICIARY.

Where a policy provided that it should be paid to the beneficiary of insured last designated on the back of the policy, if living, one so designated, under the Wisconsin law, took a vested interest in the policy, subject only to the possibility that she might assign or surrender the policy and destroy such interest.

[Ed. Note.—For other cases, see Insurance, Cent. Dig. § 1470; Dec. Dig. § 586.*]

2. BANKRUPTCY (§ 143*) — BENEFICIARY'S INTEREST IN POLICY — RIGHTS OF TRUSTEE.

Where a bankrupt was designated as beneficiary in a policy on the life of his mother, which directed that it should be paid to the beneficiary of the insured last designated on the back of the policy, if living, and the insured died four days after the filing of the bankruptcy petition, leaving the bankrupt as a designated beneficiary, his interest in the policy was one which he could have transferred, and which therefore vested in the trustee under Bankr. Act July 1, 1898, c. 541, § 70a, 30 Stat. 565 (U. S. Comp. St. 1901, p. 3451), providing that the trustee is vested with all property which, prior to the filing of the petition, the bankrupt by any means could have transferred.

[Ed. Note.—For other cases, see Bankruptcy, Dec. Dig. § 143.*]

In the matter of bankruptcy proceedings against William D. Hogan. On petition to review a referee's ruling denying the trustee's claim to an alleged interest of the bankrupt in certain insurance on the life of his mother. Petition granted, and determination reversed.

Charles F. Lamb, for creditors.

Matthew S. Dudgeon and Chas. G. Riley, for bankrupt.

SANBORN, District Judge. The question presented by petition to review the referee's ruling relates to the bankrupt's interest in a policy of insurance upon the life of his mother, Susan Hogan, and in which he was a beneficiary. The policy bears date December 14, 1900, for $4,000, "to be paid to the beneficiary of the insured last designated on the back of this policy, if living." By designation made February 15, 1901, the bankrupt, Sadie J. Hogan, and Matthew Hogan were designated beneficiaries. The bankrupt filed his voluntary petition June 18, 1909, and the mother died four days later, June 22, 1909, without having made any change of beneficiaries. Thereupon the question arises whether the share of the bankrupt in the insurance was a vested interest passing to the trustee, or only a possibility. The referee took the latter view, deciding that the bankrupt was not required to schedule such possibility, and need not pay it to the trustee. This

---

*For other cases see same topic & § NUMBER in Dec. & Am. Digs. 1907 to date, & Rep'r Indexes

ruling is based upon the settled rule of Wisconsin that the life insured has the absolute power of disposition, and may defeat the contingent right of the beneficiary by appointing others, either by will or assignment, or may surrender the policy, at his own discretion.

[1] By the Wisconsin law the interest of a beneficiary in a life insurance policy, living the insured, is a vested interest, subject to be divested by the exercise of such jus disponendi or surrender. Such interests are well known in the real property systems of the various states, particularly in those states, like Wisconsin, which have adopted the New York real estate code of 1830, as well as in the English system of equitable estates. In all these systems such interests are as fully transferable as estates in possession. In Wisconsin the Supreme Court has for 30 years recognized both this absolute power of disposition of the insured and this vested interest of the beneficiary. Foster v. Gile, 50 Wis. 603, 7 N. W. 555, 8 N. W. 217; Rawson v. Milwaukee Mut. Life Ins. Co., 115 Wis. 641, 92 N. W. 378; Slocum v. Northwestern Nat. Life Ins. Co., 135 Wis. 288, 115 N. W. 796, 14 L. R. A. (N. S.) 1110, 128 Am. St. Rep. 1028; Meggett v. Northwestern Mut. Life Ins. Co., 138 Wis. 636, 120 N. W. 392.

In the Slocum Case the question arose whether a beneficiary could maintain a suit for damages caused by the wrongful termination of the policy by the insurance company and insured during the lifetime of the insured. While the earlier cases holding that the beneficiaries' interest is a vested one were approved, the power of disposition was held to include the power of wrongful destruction, and that such vested interest was only an expectancy; in other words, a vested interest, absolutely subject to destruction by the insured, by conduct either lawful or wrongful. And in the Meggett Case an assignment by the beneficiary, made by consent of the insured, was sustained, and held to destroy all the rights of the original beneficiaries.

By the law of Wisconsin, therefore, the interest of the bankrupt in his mother's policy was vested, subject only to the possibility that she might assign or surrender the policy and thus destroy such interest. It was an interest vested, subject to divestiture.

[2] By section 70a of the bankrupt act the trustee is vested with all property which prior to the filing of the petition the bankrupt "could by any means have transferred." Certainly he could have transferred this insurance interest, because it was vested. With the mother's consent he could have assigned it absolutely, without her power of destruction. Meggett v. Northwestern, supra. Without her consent he could have transferred it, subject only to her jus disponendi, and to her right to make some arrangement with the company to surrender the policy. This seems to be the Wisconsin rule of property, to be followed by this court. If this is not so, the repeated and consistent rulings of the Wisconsin Supreme Court, that the interest is a vested one, would seem to have no meaning or effect whatsoever. While the question is by no means free from doubt, I think the order of the referee should be reversed.

This opinion is, of course, confined to the case presented in the statement of facts. It is easy to see that, where the insured survives

the bankruptcy proceedings, the beneficiary's interest would be practically worthless. No purchaser of it could afford to pay anything for it, because of the absolute power of destruction possessed by the insured. All that is intended to be decided is that where the death of the insured occurs before the bankrupt estate is closed, without any act of his by way of assignment or surrender, the insurance belongs to the trustee. Cases bearing upon the question are Gould v. N. Y. Life Ins. Co., 132 Fed. 927, 13 Am. Bankr. Rep. 233; Carr v. Myers, 211 Pa. St. 349, 60 Atl. 913, 15 Am. Bankr. Rep. 116; Re Buelow, 98 Fed. 86, 3 Am. Bankr. Rep. 389.

Proceedings will be stayed for 30 days for the purpose of review by the Circuit Court of Appeals.