NORTHWESTERN MUTUAL LIFE INSURANCE COMPANY, Plaintiff, vs. PROCHNOW and another, Defendants and Appellants: LANGE, Defendant and Respondent.

*January 8—March 31, 1936.*

For the appellants there was a brief by *W. K. Parkinson* of Phillips, and oral argument by *R. B. Graves* of Wisconsin Rapids.

For the respondent there was a brief by *Wood, Warner & Tyrrell* of Milwaukee, and oral argument by *John C. Warner*.

The following opinion was filed February 4, 1936:

FRITZ, J. The material facts involved herein are undisputed. The foregoing statement thereof, with the details hereinafter added, suffice for the consideration of the issues raised upon the motion for summary judgment. Those issues are solely questions of law as to the legal character and

effect of Parkinson's assignment to Lange, on January 8, 1920, and the legal consequences of Parkinson's discharge in bankruptcy upon that assignment. Lange contends that the assignment was absolute, and transferred to him all interest in the policy, leaving only an equity of redemption in Parkinson. The latter's assignment, under date of January 8, 1920, upon which Lange relies, is entitled, "Assignment of Policy as Collateral Security for Present and Future Indebtedness." It provides that—

"In consideration of thirty-five thousand ($35,000) dollars the receipt of which is hereby acknowledged, I hereby sell, assign, transfer and set over unto F. A. Lange of Milwaukee, in the state of Wisconsin, and his executors, administrators and assigns, as their interest may appear, all my right, title and interest in and to Policy Nos. 1045151–1274140, issued by the Northwestern Mutual Life Insurance Company, subject to all the terms and conditions in said policy contained. The interest of the assignee in the policy hereby assigned shall include any and all indebtedness which I may now or at any time hereafter be owing to the said assignee and which may exist at the time of the settlement of the policy, the remainder of said policy, if any, being unaffected by this assignment."

The $35,000 mentioned therein as the consideration for the assignment constituted a loan made on January 8, 1920, by Lange to Parkinson, and that loan was also secured by Parkinson's mortgage on real estate. That mortgage was foreclosed by Lange upon Parkinson's failure to pay the loan; and, on October 17, 1924, Lange took a deficiency judgment against Parkinson for the sum of $40,395.81, which remains unpaid.

On March 22, 1930, Parkinson, on a petition filed by him on that date, was duly adjudged a bankrupt in the federal district court for the Western district of Wisconsin. He duly scheduled in his petition all of his indebtedness to Lange. The latter was given due notice of Parkinson's

bankruptcy proceedings, and, in April, 1930, duly filed his verified claim in those proceedings for the $40,395.81 and interest, as an unsecured creditor. That claim was duly allowed, but no dividend was ever paid thereon or to any other creditor. On December 22, 1931, Parkinson was duly discharged by an order of the bankruptcy court from all debts and claims which were made provable against his estate by the bankruptcy acts, and which existed on the 22d day of March, A. D. 1930, when he filed his petition for adjudication, excepting such debts as were by law excepted from the operation of a discharge in bankruptcy.

The extent of the interest acquired by Lange in the policy under the provision in Parkinson's assignment that "the interest of the assignee in the policy hereby assigned shall include any and all indebtedness which I may now or at any time hereafter be owing to the said assignee and which may exist at the time of the settlement of the policy, the remainder of said policy, if any, being unaffected by this assignment," was not necessarily the entire, or all interest in the policy. The material words in that provision, which constitute the definition as to the extent of the interest assigned, are not merely that it "shall include any and all indebtedness which I [Parkinson] may now or at any time hereafter be owing to the said assignee." On the contrary, the words which immediately follow those last quoted, and which are "and which may exist at the time of the settlement of the policy," are also a material and significant part of that definition. Under and by reason of that additional definitive clause, the extent of the interest assigned to Lange is expressly and definitely limited to such indebtedness in his favor as *"may exist at the time of the settlement of the policy."* Consequently, under that last qualifying clause, Lange's interest in the policy was limited, so that it was not to exceed the amount of indebtedness that existed in his favor at the time

of the settlement of the policy, which occurred upon its maturity on May 25, 1934. If, for instance, that last clause had been worded, "which has not been paid," or "which remains unpaid," then theretofore existing indebtedness, which had ceased to exist at the time of the settlement of the policy, would not have been unequivocally and necessarily entirely excluded from further consideration in the ascertainment of the extent of the assignee's interest in the proceeds due upon the policy. But, in thus expressly providing that, in order to be included in the interest assigned, the indebtedness to the assignee must also "exist" at the time of the settlement of the policy, that last clause effectively excluded all indebtedness which had theretofore been discharged in some manner. Manifestly, it did not continue to exist as indebtedness after it became discharged in some way. *Vaughn v. Montreal,* 124 Wis. 302, 304, 102 N. W. 561.

Consequently, as Parkinson was duly discharged by the bankruptcy court, on December 22, 1931, from all of his indebtedness to Lange, and as, therefore, no indebtedness existed in Lange's favor at the time of the settlement of the policy on May 25, 1934, no interest therein was then vested in Lange under the assignment of January 8, 1920.

In connection with the foregoing conclusion that the entire interest in the policy was not transferred unconditionally to Lange, the concluding clause in the assignment, that "the remainder of said policy, if any, being unaffected by this assignment," is also of some significance. There certainly would have been no occasion for providing thus that the remainder of the policy, if any, was unaffected by the assignment, if it had been the expressed intention to transfer all interest therein, unconditionally, to Lange.

The decision in *Meggett v. Northwestern Mut. L. Ins. Co.* 138 Wis. 636, 120 N. W. 392, is not in point. In the assignment then under consideration, there were no words

whatsoever limiting the extent of the interest assigned. Under those circumstances, the court rightly said, in respect to that assignment (page 641) : "Nor do we find any restriction in the form of assignment limiting the transfer to any interest less than all the rights and interest inhering in the contract. . . ." That statement would clearly be inapplicable, in view of the restricting clause as to the extent of the interest assigned by the assignment upon which Lange relies. It follows that Lange's application for summary judgment should have been denied; and that the judgment entered upon that application must be reversed.

*By the Court.*—Judgment reversed, and cause remanded with directions for further proceedings according to law.

The following memorandum was filed March 31, 1936:

FRITZ, J. (*on motion for rehearing*). On his motion for a rehearing, the respondent contends that the result of the decision in this case is to hold as a matter of law that the provable debts of the bankrupt become nonexistent as a result of the discharge in bankruptcy, and that this is contrary to the federal authorities on this subject. Respondent cites *Zavelo v. Reeves*, 227 U. S. 625, 33 Sup. Ct. 365, and other decisions, to the effect that the discharge destroys the remedy but not the indebtedness. On the other hand, the appellants assert that in *Graham v. Dreutzer*, 75 Wis. 558, 561, 44 N. W. 776, this court held to the contrary, and that the effect of the discharge is a matter for the consideration of any court in which it may be presented as a defense. *In re Mirkus* (C. C. A.), 289 Fed. 732.

In view of an evident misunderstanding as to the scope of the opinion, we deem it necessary to again call attention to the fact that the decision is grounded upon the terms of the assignment, and not upon any rule of law applicable to

the effect of a discharge in bankruptcy. It was our determination that the provisions of the assignment limit respondent's interest in the policy to debts enforceable at the time of its settlement. We adhere to that construction. Under that construction there appears to be no materiality to an inquiry whether a debt discharged in bankruptcy is extinguished, or whether the effect of the discharge is merely to operate on the remedy.

A motion for a rehearing was denied, with $25 costs, on March 31, 1936.