HOPKINS v. NORTHWESTERN LIFE ASSUR. CO.

(Circuit Court of Appeals, Third Circuit.    January 23, 1900.)

No. 7.

LIFE INSURANCE—VESTED INTEREST IN BENEFICIARY.

The taking out of a policy of life insurance creates no vested interest in the beneficiary named therein, where the policy permits a change of beneficiaries by agreement between insured and insurer, without the knowledge or consent of the beneficiary.

In Error to the Circuit Court of the United States for the Eastern District of Pennsylvania.

Bernard Gilpin, for plaintiff in error.
Alexander Simpson, Jr., for defendant in error.

Before ACHESON, DALLAS, and GRAY, Circuit Judges.

GRAY, Circuit Judge. This was an action of contract, brought in the circuit court of the United States for the Eastern district of Pennsylvania to recover the sum of $10,000, with interest from August 8, 1898. The record discloses the following facts: On March 26, 1892, John S. Hopkins, of the city of Philadelphia, applied for membership in the Northwestern Masonic Aid Association, a corporation existing under the laws of the state of Illinois, for a policy of insurance on his life for $10,000, and on April 14, 1892, the said Masonic Aid Association issued its certificate or policy No. 53,477 on the life of the said John S. Hopkins, the beneficiaries named therein being "his wife, Emily V. Hopkins, if living; if not, to his children, or the survivors of them, equally, if living." The said John S. Hopkins paid the premiums on said policy as they became due until the month of December, 1897. The said policy or certificate of membership No. 53,477 had indorsed thereon the following provision:

"Change of beneficiaries can be made at any time, without charge, upon complying with the by-laws."

The by-laws referred to expressly provide that:

"Any member may secure a change of the beneficiaries named in his certificate upon surrendering said certificate to the secretary for cancellation, and stating to him in writing to whom in said classes of beneficiaries mentioned in said articles of incorporation he desires such benefits paid; whereupon the secretary shall change upon the records the name of such beneficiary, and issue a new certificate accordingly."

The act of the general assembly of Illinois under which defendant company was incorporated provided that:

"Membership in any such corporation shall give to any member thereof the right at any time, with the consent of such corporation, to make a change in his payee or payees or beneficiary or beneficiaries, without requiring the consent of such payee or beneficiary."

The certificate also provided that it should not be binding if the insured "shall suffer death in consequence of any violation by him of any penal law of any state or government." In June, 1896, by resolution of the board of trustees of the Northwestern Masonic Aid Association, and proceedings duly had thereunder, the name of the said association was changed to that of the Northwestern Life Assurance Company. On December 8, 1897, said Northwestern Life Assurance Company, upon application of the said John S. Hopkins, canceled said policy No. 53,477, and issued in lieu thereof to him a new policy on his life for $10,000, numbered 117,132, payable on his death to "his wife, Emily V. Hopkins, if living; if not, to his surviving children, equally, if living"; said John S. Hopkins paying therefor, on December 2, 1897, the annual premium of $434.90. This was largely in excess of the premium on the old policy, which, in 1897, had been less than $250, but there were various provisions in the new policy or certificate which were claimed to make it more desirable than the old, such as extended insurance, cash surrender values, paid-up policy values, loan values, and the cessation of all payments after 20 years. Said policy or certificate No. 117,132, is-

sued December 8, 1897, as aforesaid, contained, inter alia, the following stipulation:

"(9) If the insured shall die by his own hand or act, whether sane or insane, within two years from the date of this policy, or shall suffer death in consequence of the violation by him of any penal law of any state or government; then this policy shall be void, and shall cease to be binding upon said company, except for the amount which the insured has paid in premiums on account thereof."

The said John S. Hopkins died by his own hand on March 24, 1898 (the death occurring within two years of the date of the policy), the said Emily V. Hopkins, his wife, and the plaintiff below, surviving him. The company tendered before suit, and has paid into court, the premiums paid by John S. Hopkins. It is claimed by the plaintiff that, the surrender of the old certificate or policy No. 53,477 and the issuance of the new certificate or policy No. 117,132 having been accomplished by and between the said John S. Hopkins and the defendant company without the knowledge or consent of the said plaintiff, the beneficiary in both of said policies, the original certificate or policy was still in force at her option, and constituted the sole measure of the obligation existing on the death of John S. Hopkins between the plaintiff and defendant; and that, therefore, the said plaintiff was not bound by the stipulation of the substituted policy in regard to suicide above recited; that, in the absence of any such stipulation in the original policy or certificate, the fact of suicide constituted no defense to her claim, and that she was entitled to receive the amount to be secured to be paid to her on the death of her husband. In other words, the plaintiff claims that she had a vested interest as beneficiary in the original policy from the date that the contract of insurance was completed, which could not become devested or impaired by any agreement between her husband and the defendant company, made without her knowledge or consent.

Two important questions are raised by this contention: (1) Has a beneficiary a "vested interest" when the certificate or policy itself, the association's by-laws, and the statute under which it was incorporated all provide that the payee or beneficiary may be changed "at any time" without requiring the consent of such payee or beneficiary? (2) If a beneficiary has such a "vested interest" as would have prevented, in this case, the substitution of a new policy for the old, without the plaintiff's consent, and thus enabled the plaintiff to successfully claim that the old policy alone was in force between her and the defendant, then did the contract between the defendant and John S. Hopkins, evidenced by this policy, having in it no express stipulation in regard to suicide, exclude death by his own voluntary act as a condition upon which the policy should become due and payable? There was no evidence presented by the plaintiff touching the question of the sanity of John S. Hopkins at the time of his death, and the case was submitted to the jury by the judge below, as follows:

"The defendant's point, 'The verdict must be for the defendant,' is reserved. We instruct the jury to find in favor of the plaintiff for $10,400, subject to the reserved question whether there is any evidence to go to the

jury in support of the plaintiff's claim. (Exception noted for defendant to the charge of the court, and to the refusal of defendant's point.)"

On June 7, 1899, the said court filed its opinion, entering judgment in favor of defendant on the question of law reserved on the trial of said cause, notwithstanding the said verdict. 94 Fed. 729.

As to the first question raised by the facts of this case, as disclosed in the record and stated above, we are of opinion that the taking out of the original policy by John S. Hopkins created no vested interest in his wife, Emily V. Hopkins, the beneficiary named in said policy, as was claimed by her in this suit, inasmuch as the contract of the original policy itself permitted a change of beneficiary by agreement between the insured and the company, without the knowledge or consent of the said plaintiff. Without passing upon the question as to whether, without such a stipulation, there is any vested interest in the beneficiary named in such a policy, such as cannot be disturbed by agreement between the insured and the company without the consent of such beneficiary, it suffices to say that in this case, where the policy contains the stipulation recited, there can be no such permanent or vested interest as is claimed by the plaintiff. The control over the contract of insurance given to the insured, independent of the will of the beneficiary, makes impossible the existence of such permanent or vested interest in such beneficiary during the lifetime of the insured. The right of the beneficiary is inchoate, and a mere expectancy, during such lifetime, and does not become vested until the death of the insured happens with the policy unchanged. In this view the original policy was effectually surrendered and canceled by the agreement of December 8, 1897, and the issuance of the new certificate or policy on that date, and said new policy, No. 117,132, was the only one subsisting at the time of the death of said John S. Hopkins, in March, 1898. This being so, there can be no recovery by the plaintiff on either policy, because it is not controverted that the stipulation contained in the new policy against liability where death of the insured is caused by his own voluntary act would prevent recovery by the plaintiff. On this ground, therefore, we think the court below was clearly right in directing judgment to be entered for the defendant upon the point reserved, notwithstanding the verdict. This conclusion renders unnecessary a consideration of the other question above stated, to the discussion of which the learned judge in the court below confined himself in his opinion filed in the case. The judgment entered in the court below is affirmed.