In re WETMORE.

(Circuit Court of Appeals, Third Circuit. April 29, 1901.)

No. 13.

BANKRUPTCY—PROPERTY VESTING IN TRUSTEE—CONTINGENT INTEREST IN ESTATE IN REMAINDER.

A testator, who at the time of his death resided in New York, bequeathed a sum in trust to the use of his wife during her lifetime, with power of appointment in her, and provided that, in default of the exercise of such power, "I give the said trust fund upon her decease to my own then surviving next of kin." 3 Rev. St. N. Y. c. 1, tit. 2, § 13, provides that "future estates are * * * vested when there is a person in being who would have an immediate right to the possession of the. lands upon the ceasing of the intermediate or precedent estate. They are contingent whilst the person to whom, or the event upon which, they are limited to take effect remains uncertain." Section 35 also provides that "expectant estates are descendible, devisable, and alienable in the same manner as estates in possession." Held, that neither under such provisions nor by the common law did a son of the testator take any estate in the fund during the life of his mother, transmissible to his trustee in bankruptcy as property, which he could have "transferred, or which might have been levied upon and sold under judicial process against him," since, even if his mother should not exercise the power of appointment, the person who would take remained uncertain until her death.

Petition for Revision of Proceedings of the District Court of the United States for the Eastern District of Pennsylvania, in Bankruptcy.

For opinions below, see 99 Fed. 703, 102 Fed. 290.

Richard C. Dale and Charles E. Morgan, Jr., for petitioner.

Thomas P. Wickes, for bankrupt.

Before DALLAS and GRAY, Circuit Judges, and BRADFORD, District Judge.

BRADFORD, District Judge. William B. Wetmore was on his own petition adjudged a bankrupt January 13, 1899, by the United States district court for the Eastern district of Pennsylvania. G. Plantou Middleton was appointed trustee March 14, 1899, and filed in the court below February 23, 1900, the following petition:

In the United States District Court for the Eastern District of Pennsylvania.
No. 27.
In Bankruptcy.
In the Matter of William B. Wetmore, Bankrupt.
To the Honorable John B. McPherson, Judge of the Said Court:

The petition of G. Plantou Middleton respectfully represents:

That on the thirteenth day of January, 1899, William B. Wetmore filed a petition in bankruptcy in your Honorable Court and was upon the same day duly adjudicated a bankrupt and his case referred to George E. Darlington, Esq., Referee in Bankruptcy.

That on the fourteenth day of March, 1899, your petitioner was appointed by the said Referee, trustee of the estate of the said bankrupt.

That the said bankrupt appeared before the Referee at divers times for examination, and upon his examination held on the twenty-fifth day of November, 1899, the following facts were in evidence, as appear set forth at large in stenographic copy of the notes of testimony taken before the said Referee, duly filed by him with his report in the above entitled cause.

That one Samuel Wetmore, the father of the said bankrupt, died in the City of New York on the 6th day of March, 1886, having first made his last will and testament, dated the eleventh day of October, 1882, duly proven and registered in the Surrogate's office for the City and County of New York and State of New York, on the sixth day of April, 1885, wherein and whereby, inter alia, he provided as follows:

"Fourth. I give and bequeath to my executors hereinafter named other than my wife the sum of one hundred thousand dollars (in cash or in securities or stock valued by my executors at that sum) upon trust to keep the same invested and to receive the income thereof and after deducting reasonable charges for the management of the said trust, to apply the net amount of such income from time to time as it shall accrue, to the use of my wife, Sarah Taylor Wetmore, so long as she shall live; and I empower my said wife to dispose of the principal sum so held in trust and any accumulations thereof by last will and testament duly executed by her, and in such manner as she shall think proper, and in default of such disposition by will I give the said trust fund upon her decease to my own then surviving next of kin in like manner and shares as if the same were to be then distributed as my own proper estate dying at time intestate."

That the said bankrupt, William B. Wetmore, was the only child and issue of his parents, and was one of the executors mentioned in the said will of his said father.

That as such executor the said William B. Wetmore had charge of the investment and management of the said trust fund of one hundred thousand dollars therein mentioned.

That Sarah Taylor Wetmore, the mother of the said bankrupt, the beneficiary under the said trust, died on the seventeenth day of March, 1899, shortly after the adjudication of bankruptcy, having first made and published her last will and testament, bearing date the thirteenth day of January, 1898, which has been duly probated in the office of the Register of Wills of Chester County, wherein and whereby she appointed her son, William B. Wetmore, the above named bankrupt, her executor, and provided in the exercise of the power of appointment in reference to the trust fund of one hundred thousand dollars, as contained in the will of Samuel Wetmore, her husband, as hereinabove set forth, as follows:

"Item. In accordance with, and in exercise of the power of disposition and appointment conferred upon me by the Fourth Item of the last will and testament of my deceased husband, Samuel Wetmore, dated the eleventh day of

October, 1882, duly proven and registered in the Surrogate's office in and for the City and County of New York and State of New York on the sixth day of April, A. D. 1885, I do will, order and direct and do give, devise and bequeath unto my said son, William Boerum Wetmore, his heirs and assigns in fee simple, the said principal sum of one hundred thousand dollars ($100,000), so devised 'In Trust' for my benefit during my life, as by the said Fourth Item of my husband's will is directed, and so that my said son shall have and hold the same free and discharged from all trusts."

It further appeared from the testimony of the said bankrupt that at the time of his adjudication in bankruptcy, as sole surviving trustee of the aforesaid fund of one hundred thousand dollars, he had in his possession the sum of about fifty-five thousand dollars, the balance of the said fund having been lost through re-investment and by reason of encroachments upon the principal in the lifetime of the said Sarah Taylor Wetmore.

That by virtue of the premises, as aforesaid, the said fund of fifty-five thousand dollars in the hands of the said bankrupt, as trustee for his mother, became the individual property of the said bankrupt and was then in his possession in cash or in securities.

Your petitioner further avers that in the schedules annexed to his petition in bankruptcy, the said bankrupt has made no mention of his interest in the aforesaid fund. That the said fund or the securities in which the same was invested is within the knowledge of the said bankrupt, and that he has failed to disclose the same to your petitioner, as trustee in bankruptcy. That the said fund and the securities in which the same are invested properly belongs to your petitioner as such trustee, being "property which prior to the filing of the petition, he could by any means have transferred or which might have been levied upon and sold under judicial process against him," within the meaning of section 70 of the National Bankrupt Act, and the same lawfully belongs in the custody of the said trustee and is applicable to the payment of the debts of the said bankrupt duly proved against him. .

Wherefore your petitioner prays your Honorable Court to make an order requiring the said William B. Wetmore to pay over to the petitioner, as trustee in bankruptcy, the sum of fifty-five thousand dollars or deliver the same to him in securities therefor as above set forth.

And your petitioner will ever pray.          G. Plantou Middleton.

To this petition the bankrupt interposed a general demurrer which was sustained and the petition dismissed by the court below June 12, 1900. The revision of this proceeding is the object of the petition now before us. It is not disputed that the trustee upon or shortly after his appointment became duly qualified to act as such, nor that Samuel Wetmore, the father of the bankrupt, had at the time of his death his domicile in New York. The sole question for our determination is whether on the facts disclosed William B. Wetmore, not as testamentary trustee, but in his individual capacity, had at the time of his adjudication as a bankrupt any "property" in the unexpended balance of the fund mentioned in the fourth item of his father's will and in his mother's will, "which prior to the filing of the petition he could by any means have transferred or which might have been levied upon and sold under judicial process against him." The fact that Sarah T. Wetmore limited or appointed the fund or what was left of it to the bankrupt is unimportant. Property acquired by a bankrupt only after the filing of a petition in bankruptcy does not pass to the trustee. While the interest or estate which one takes by virtue of the execution of a power of appointment is acquired under the authority of the power and is referable to the title of the donor, and not to that of the donee of the power, such interest or estate cannot vest before such execution. Mrs. Wetmore did not

die until after the adjudication, and her will, by which she executed the power of appointment conferred on her by Samuel Wetmore, spoke only from her death. Nor is it material that the bankrupt might for a valuable consideration prior to the filing of the petition by contract in the form of an assignment, or by executory contract, have barred or precluded himself from enjoying or have become bound to permit others to have the exclusive benefit of, the fund in question. One may by deed of conveyance estop himself from claiming title to, and by executory contract may be obliged to transfer to others, property wholly acquired after the execution of such deed or contract. The trustee has no claim to the fund unless the bankrupt had some title to it at the date of the adjudication. It is the "title of the bankrupt, as of the date he was adjudged a bankrupt," which is "vested by operation of law" in the trustee; and this title, so far as pertinent to this case, must be to "property which prior to the filing of the petition he could by any means have transferred or which might have been levied upon and sold under judicial process against him." A bare possibility or mere expectation of acquiring property does not constitute property or a title to property; nor can it be transferred or levied upon. While the right of enjoyment may be uncertain and contingent, it is necessary that an interest or title of some kind be vested in the bankrupt in order that it may pass by operation of law to the trustee. If the contingency or uncertainty be such as relates to the person, and not merely to the event, and he who is to take remains unascertained by name, designation or description, obviously no given individual while so unascertained can be held to have a property right to or in the subject matter of the gift or limitation. Samuel Wetmore by the fourth item of his will bequeathed the fund in question, being personalty, to his executors in trust to pay the income thereof to his wife so long as she should live, and conferred on her a general power of appointment of the fund and its accumulations by will. The testator then proceeds as follows:

"In default of such disposition by will I give the said trust fund upon her decease to my own then surviving next of kin in like manner and shares as if the same were to be then distributed as my own proper estate dying at time intestate."

The fourth item contains prior to the above quoted provision no reference either to children or to next of kin. The natural import of the language is that on the death of his wife his next of kin were to take only in the event and to the extent of her failing to execute the power of appointment, and that in such case the next of kin who should take were to be his "then surviving next of kin" and should take the trust fund only in like manner and proportions as if the same were "then distributed" as his own estate, he dying at that time intestate. The next of kin who were to take in default of appointment might or might not include a child or children of the testator, or might or might not include his more remote issue. Within his contemplation either collateral kindred or direct descendants might constitute the ulterior beneficiaries of the fund. His intent was clear that only such of his next of kin as should be living

at the time of his wife's death should in any event share in the fund. There being no provision for children either by name or as a class, the fact that the bankrupt was his child is without special significance. The argument that he had prior to his adjudication a transferable interest in or claim to the fund is no stronger than it would have been had he been only one of the collateral kindred of the testator and the latter had died without leaving issue. The next of kin not only could not be ascertained until the death of the life beneficiary, but even then could not take except in so far as she should fail to execute the power of appointment. While it is true, as a general rule, that the existence of such a power does not prevent the vesting of interests or estates limited in default of appointment, it may tend in some instances, when considered in connection with the language used in their creation, to determine whether they are of a vested or contingent character. Section 13, tit. 2, c. 1, vol. 3, Rev. St. N. Y., is as follows:

"Section 13. Future estates are either vested or contingent. They are vested when there is a person in being who would have an immediate right to the possession of the lands upon the ceasing of the intermediate or precedent estate. They are contingent whilst the person to whom, or the event upon which they are limited to take effect, remains uncertain."

If this statute furnishes the rule applicable to personalty, it fails to support the contention of the petitioner. The bankrupt would not under his father's will have had an immediate right to the fund if his mother had died prior to the filing of the petition in bankruptcy. Whether he would have become entitled at that time under the fourth item would have depended upon an event wholly beyond his control, namely, the execution or non-execution by his mother of the power of appointment. Reference is also made to section 35 of the same title and chapter. It is as follows:

"Section 35. Expectant estates are descendible, devisable, and alienable in the same manner as estates in possession."

This section has been held to apply to personalty. The difficulty encountered in the practical application of this provision is found in the determination of what constitutes "expectant estates." If the bankrupt had an expectant estate it undoubtedly passed to the trustee. But if he had no claim or title, absolute or defeasible, vested or contingent, but merely an expectation of an estate or interest in the future, then there was nothing in him to pass to the trustee. It is contended on the part of the petitioner that the limitation to the testator's next of kin vested on his death in the bankrupt a present right to the fund, subject to divestiture by the death of the latter during his mother's life time or by her execution of the power of appointment, and that this right had a marketable value and was properly within the meaning of the bankruptcy act. But it was not necessary to the accomplishment of the plain purpose of the testator that the bankrupt should during the life time of his mother have either a vested or a contingent right to the enjoyment of the fund on and after her death. Enjoyment of the fund by him under his father's will was absolutely dependent upon his survival of his mother and her failure to appoint the fund exclusively to oth-

ers. A right to such enjoyment could not be created by his survival of his father, but could arise only from his survival of his mother coupled with a default of appointment by her. During her life time he could neither enjoy nor transmit a right to enjoyment. Had he died before her, neither his personal representatives nor his issue or other kindred could, on her death, by claiming under him have entitled themselves to the fund or any part of it. Those who were to enjoy the fund on her death without appointment were to take, not by succession from or as representatives of others, but as purchasers under the will of the testator, then for the first time ascertained as constituting his "then surviving next of kin." One may have a contingent right to a future interest or estate. So one may have a right in or to a future contingency. But it cannot with legal propriety be affirmed of anyone that he has either a contingent right or a right in or to a contingency unless the person of whom the affirmation is made is ascertained by name, designation or description. The relationship of the bankrupt at the time of filing his petition to the fund in question bears a striking analogy to the position of an heir apparent with respect to the inheritance. The heir apparent can take only in case he survives his ancestor and to the extent to which the latter shall not have disposed of the inheritance to others. The bankrupt could, under his father's will, take only in case he survived his mother and to the extent to which she should have failed to limit and appoint the fund to others. Courts have frequently gone far, and sometimes apparently in contravention of the intent of the testator as disclosed by his language, in holding future or expectant interests vested. But we are aware of no well considered case which can serve as an authority for holding that the bankrupt had during the life time of his mother by virtue of the will of his father any title, claim or interest to or in the fund in question capable of being transferred by him or taken in execution within the meaning of the bankruptcy act.

The order of the court below dismissing the petition of the trustee is affirmed.