In re HOGAN.

HOGAN v. FAUERBACH BREWING CO.

(Circuit Court of Appeals, Seventh Circuit.   January 2, 1912.)

No. 1,827.

Bankruptcy (§ 143*)—Property of Bankrupt—Insurance Policy—Expect-
ancy.

A bankrupt's mother at the time of adjudication held a policy of in-
surance on her life payable to certain designated persons as beneficiaries,
but providing that the insured, with the consent of the company, might
change the beneficiary at any time, provided the policy had not been
assigned by filing with the insurer a written request duly acknowledged
and accompanied by the policy for indorsement.   During her life the
insured directed that the beneficiary should be changed so that the sum
should be payable equally to the bankrupt and his sister, children of
the insured, subject to further change as provided in the contract.   In-
sured having died subsequent to the bankrupt's adjudication, there was
paid to him his share of the proceeds of the policy under such indorse-
ment.   Held that, by the terms of the policy authorizing change of ben-
eficiary, the bankrupt did not have a vested interest in the insurance
during the insured's life which he could by any means have transferred
or which might have been levied on and sold under judicial process
against him, as provided in Bankr. Act. (Act July 1, 1898, c. 541, 30
Stat. 565 [U. S. Comp. St. 1901, p. 3451]) § 70a, and hence the proceeds
so paid to him were not recoverable by his trustee in bankruptcy, nor
subject to administration in such proceedings.

[Ed. Note.—For other cases, see Bankruptcy, Cent. Dig. §§ 194, 201,
202, 213–217, 223, 224; Dec. Dig. § 143.*] .

Petition for Revision of Proceedings of the District Court of the
United States for the Western District of Wisconsin, in Bankruptcy.

In the matter of bankruptcy proceedings against William D. Hogan.
Original petition to revise an order in bankruptcy requiring the bank-
rupt to transfer to his trustee (186 Fed. 537) the proceeds of certain
notes obtained by him since adjudication.   Petition granted, and order
reversed.

The bankrupt, William D. Hogan, petitions for review and revision of an
order (in bankruptcy) of the District Court for the Western District of Wis-
consin which requires him to transfer to the trustee in bankruptcy $1,220.-
44, acquired by the bankrupt since the adjudication of bankruptcy.   This
amount was derived as one of the beneficiaries under a policy of insurance
upon the life of his mother, Susan S. Hogan, written by the Northwestern
National Life Insurance Company, at the "home office of the company in
the city of Madison. Wis.," issued to such mother, December 14, 1900, pur-
suant to application made by her.

The policy is for $4,000. "to be paid to the beneficiary of the assured
last designated on the back of this policy, if living, otherwise to the legal
representatives or assigns of the insured," in consideration of the payment
of bimonthly premiums during the continuance of the policy; and provides
that failure to pay any premium when due "will thereupon terminate this
contract and insurance and forfeit all payments made to the company."   It
further provides: "This policy is issued with the express understanding
that the insured may. with the consent of the company, change the bene-
ficiary at any time, provided it has not been assigned, by filing with the
company a written request duly acknowledged and accompanied by this poli-
cy, such change to take effect upon its endorsement hereon by the company."

*For other cases see same topic & § NUMBER in Dec. & Am. Digs. 1907 to date, & Rep'r Indexes

The following are the indorsements, entitled "Beneficiary Subject to Change":

"The sum insured under this policy is payable to Sadie J. Hogan, daughter, $1,500.00 and remainder to Matthew and William Hogan, sons of the insured equally as beneficiary, subject to change as provided in this contract.

"Madison, Wis., Feb. 15.

"Upon the written request of the insured made this day, the sum insured by this policy is hereby changed from Sadie J. Hogan $1500 and remainder to William and Matthew as beneficiary and instead is made payable to Sadie J., Matthew and William Hogan, equally, children of the insured, as beneficiary, subject to change hereafter as provided in this contract. [Signed.]"

The adjudication of bankruptcy (voluntary) upon petition of the bankrupt was made June 18, 1909. The insured, Mrs. Hogan died June 22, 1909, and in due course the bankrupt received the above-mentioned share of insurance. Upon hearing of an application by Fauerbach Brewing Company, creditor in bankruptcy, to require the bankrupt to pay over the proceeds, the referee denied such relief as unauthorized. The District Court, on review thereof, reversed the referee's ruling as to the law applicable to the facts, all undisputed, and ordered transfer of the proceeds to the trustee in bankruptcy. In re Hogan (D. C.) 186 Fed. 537.

S. T. Swansen, for petitioner.
C. F. Lamb, for respondent.

Before BAKER, SEAMAN, and KOHLSAAT, Circuit Judges.

SEAMAN, Circuit Judge (after stating the facts as above). Under proceedings in bankruptcy, the order of the District Court requires the bankrupt to pay over to the trustee the amount derived as a beneficiary named in a policy of insurance on the life of his mother through the death of the insured subsequent to his adjudication as a bankrupt. The terms of the policy and all material facts are undisputed—including as well the fact that the policy was procured by and issued to the mother alone and that she paid all the premiums as they accrued—and the order rests on the proposition, in substance, stated in the opinion of the district judge that the interest of the beneficiary in the policy, during the life of the insured, is a vested property right under the Wisconsin law, subject only to be divested by exercise on the part of the insured of her right to change the beneficiary or surrender the policy, Thus the petition for review of the order distinctly presents a reviewable question of law, namely, whether the bankrupt had a property right in the insurance, at "the date he was adjudged a bankrupt," either under the general law or the law of Wisconsin, which justifies such order.

The terms of the policy are unmistakable in their provision "that the insured may, with the consent of the company, change the beneficiary at any time, provided it has not been assigned"; and it is unquestioned that such provision was authorized (if not required) under the Wisconsin statutes applicable thereto. With the contract rights so established in the insured, the general doctrine (for which counsel contends in support of the order) as to the rights of a beneficiary under other contract terms and circumstances we believe to be inapplicable to the present issue. The doctrine referred to is thus stated in Washington Central Bank v. Hume, 128 U. S. 195, 206, 9 Sup. Ct. 41, 44 (32 L. Ed. 370): That in the general form of life insurance the

"policy, and the money to become due under it, belong, the moment it is issued, to the person or persons named in it as the beneficiary or beneficiaries, and that there is no power in the person procuring the insurance by any act of his, by deed or by will, to transfer to any other person the interest of the person named." Numerous decisions of like import, in various state reports, are cited in the argument of counsel as supporting this order (see 3 Am. & Eng. Encyc. Law [2d Ed.] 981–1001; 25 Cyc. 764–778; Union Cent. Life Ins. Co. v. Buxer, 62 Ohio St. 385, 57 N. E. 66, 49 L. R. A. 737, etc.), but review of such citations is not deemed needful, for the reason above stated, that they rest either on other forms of policy, or on various conditions not applicable to the case at bar. Moreover, it may well be noted, not only that want of harmony appears in the general line of authorities thereupon, but that the Wisconsin Supreme Court has uniformly upheld a different rule (commencing with Clark v. Durand, 12 Wis. 223), in favor of the right of the insured, under the general form of policy, either to assign the policy or change the beneficiary, except as restrained by statute in certain cases.

Whatever may be the rule, therefore, in reference to the interest and rights of one named unqualifiedly as the beneficiary under a life insurance policy, we are of opinion that such rule is not applicable to the express terms of the present policy, providing that the insured may "change the beneficiary at any time," and that interpretation thereof must rest on the principles of contract law unaffected by special rules in respect of insurance policies which may appear in various jurisdictions, other than the place of the present contract. In the absence of restraint imposed by rule or statute governing the contract, the above stated terms of insurance were plainly open to arrangement between the contracting parties, and are conclusive of rights thereunder. So, if the question presented is one of general law, we are advised of no rule thereof which would establish in the bankrupt, through the fact alone that he had been named, for the time being, as an intended beneficiary, a property right in the contract during the life and volition of the insured (mother), within the meaning of section 70a of the Bankruptcy Act.

The mother was at the date of the bankruptcy adjudication vested with complete property rights in the policy, having possession and control of the policy, together with the unqualified right to dispose of the entire benefits of such insurance, with no obligation in evidence, legal or equitable, to vest any share otherwise, either in the bankrupt or in his estate in bankruptcy. Thus the utmost effect of the existing indorsement naming the bankrupt as one beneficiary, under the general rule applicable to contracts, would be an inchoate benefit, a mere expectancy in his favor, without vested interest or property right during the life of the insured. Hopkins v. Northwestern Life Assur. Co., 99 Fed. 199, 202, 40 C. C. A. 1; Masonic Mut. Benefit Soc. v. Burkhart, 110 Ind. 189, 192, 10 N. E. 79, 11 N. E. 449; Martin v. Stubbings, 126 Ill. 387, 404, 405, 18 N. E. 657, 9 Am. St. Rep. 620; Union Mut. Ass'n v. Montgomery, 70 Mich. 587, 594, 38 N. W. 588, 14 Am. St. Rep. 519; Woodmen Acc. Ass'n v. Hamilton, 70 Neb. 30, 97 N. W. 1017; 2 May on

Ins. (3d Ed.) § 399 M. Resting entirely on the will of the insured during her lifetime, the expectancy of possible benefits under the policy has neither substantial present value, nor other element of property, which the bankrupt could then "by any means have transferred, or which might have been levied upon and sold under judicial process against him," defined in section 70a as property vesting in the trustee of the estate of a bankrupt by operation of law. In the case of an analogous expectancy—In re Wetmore, 108 Fed. 520, 523, 47 C. C. A. 477—the Circuit Court of Appeals of the Third Circuit so ruled, and the opinion is pertinent and instructive. It arose in bankruptcy, under a claim of expectancy in the bankrupt at the date of adjudication, through a provision standing in his favor, in a will made by his mother who was then living. The provision in question purported to exercise a power of appointment vested in the mother, under will of the deceased father, over the residue of a fund created for use of the mother, with power to appoint or dispose thereof by will or otherwise. As well remarked in the opinion, the test of property right in the bankrupt under the statute is not whether he "might for a valuable consideration" prior to bankruptcy "by executory contract have barred or precluded himself from enjoying, or have become bound to permit others to have the exclusive benefit of the fund," but whether "the bankrupt had some title to it at the date of the adjudication," and that no such title arose during the lifetime of the mother.

In reference to another contention advanced by counsel in support of the order—that "a possibility coupled with an interest passes to the trustee" in bankruptcy—for which Williams v. Heard, 140 U. S. 529, 535, 11 Sup. Ct. 885, 35 L. Ed. 550, is cited as decisive, we do not understand the citation to militate in any sense against the foregoing definition of property right which must appear in the bankrupt to vest in the trustee. The case arose in bankruptcy, under the Act of March 2, 1867, c. 176, 14 Stat. 517, and involved the question whether claims for war premiums awarded in favor of the bankrupts long after the bankruptcy adjudication out of the Geneva arbitration award, pursuant to subsequent act of Congress, constituted property of the bankrupts amenable to the bankruptcy proceedings. As there ruled: The claims for indemnity arose when the losses were incurred during the war, and thus became property in the sense of the law prior to bankruptcy; so the claims were not created by the subsequent act of Congress, although thereby provided with means for their prosecution and collection. The distinctions there pointed out are in line with our understanding of the general rule.

The question remains, however, whether the Wisconsin authorities prescribe a different rule of property right applicable to this Wisconsin contract, under which the order of the District Court may be sustainable. For the doctrine there assumed of "vested interest of the beneficiary" under the policy terms, the opinion cites Foster v. Gile, 50 Wis. 603, 7 N. W. 555, 8 N. W. 217; Rawson v. Milwaukee Mut. Life Ins. Co., 115 Wis. 641, 92 N. W. 378; Slocum v. Northwestern Nat. Life Ins. Co., 135 Wis. 288, 115 N. W. 796, 14 L. R. A. (N. S.)

1110, 128 Am. St. Rep. 1028; Meggett v. Northwestern Mut. L. Ins. Co., 138 Wis. 636, 120 N. W. 392.

In Foster v. Gile, the opinion premises that the rule of the earlier cases (Clark v. Durand, 12 Wis. 223, and Kerman v. Howard, 23 Wis. 108) "must be adhered to by this court," namely, that the insured who procures the policy of insurance and pays the premiums "may dispose of it, by will or otherwise, to the exclusion of the beneficiary named in the policy." The policy in question was in the general form, procured by the father, as the insured, and made payable to his two sons (named therein) in equal shares, "their guardians, executors, administrators or assigns." Both sons died before the death of the father, and the father had made no disposition of the insurance when his death occurred. The issue was whether legal right to the insurance passed to the administrator of the father's estate or to the estates of the sons, under the above stated terms thereof, and the decision below in favor of the administrator of the sons' estates was affirmed. It is stated in the (majority) opinion, however, that making the policy thus payable "is so far in the nature of an executed voluntary settlement that it vests in the persons to whom the insurance money is payable an actual subsisting interest in the policy, but not the absolute, unconditional ownership, and of the moneys therein agreed to be paid." The minority opinions concur in the result, but not in the above statement of a reason therefor; and it may well be noted in connection therewith that in a subsequent case—Given v. Wisconsin O. F. M. Life Ins. Co., 71 Wis. 547, 550, 37 N. W. 817—the court speaks unanimously, through the writer of the majority opinion in Foster v. Gile, that the Foster decision rested "on the sole ground" that the insurance was made payable, not only to the beneficiaries, "but to 'their guardians, executors, administrators or assigns.'"

In Rawson v. Milwaukee, etc., the policy of insurance is described as "a benefit certificate issued by a fraternal order," providing for its surrender by the insured, "without consent of the beneficiary," to "receive a new certificate"; and the sole question discussed in the opinion was, whether evidence was admissible, as against the beneficiary, of subsequent statements by the insured, to third parties, in derogation of his representations of good health in the application for insurance. Exclusion thereof was upheld, and the opinion states that the beneficiary in such certificate "has so far vested interest therein that the prior declarations of the assured are not" thus admissible. On the other hand, Slocum v. Northwestern Nat. L. Ins. Co. arose under a policy issued by the same company (and in like form) involved in the present suit. The company had increased the rate of premiums and for alleged default of the insured therein had declared the insurance rescinded. Thereupon the "beneficiaries last designated on the back of the policy" sued the company to recover damages for such rescission, as unauthorized, alleging that both insured and beneficiaries were ready and able to pay the premiums due under the policy, but were not willing to pay the increase thereof exacted by the company. As the insured was then living, the complaint of the alleged beneficiaries was demurred to, and the appeal was from an order overruling the

demurrer. For reversal of such order, the opinion states, as the settled rule in Wisconsin, that beneficiaries were without interest to recover damages for the alleged breach; that, although their rights are referred to as "vested" (in the Rawson case and other citations), they are in their nature "a mere expectancy, which is subject to be defeated by the act of the insured, and hence cannot be absolute and indefeasible until the death of the insured," and that they are too uncertain and "hypothetical to be made the ground for damages for breach of the contract." Meggett v. Northwestern Mut. Life Ins. Co. merely upholds the validity of an assignment of a policy (in the ordinary form) by the beneficiary named therein, "with the consent of the insured."

We are not concerned with the question whether the above mentioned cases, together or severally, harmonize entirely—either in their ultimate ruling, or in mention of the interest of a beneficiary as "vested" in any sense—with the rule of the leading case of Clark v. Durand, supra, reaffirmed in a long line of successive cases; nor whether the mention of such interest as "vested" was mere obiter, as counsel for petitioner contends. It is deemed sufficient that throughout the Wisconsin cases no authority appears—apart from statutory restrictions, not applicable to the present case—to disturb the absolute property right vested in the insured, under the terms of the instant policy, to dispose of its benefits. Such right is expressly conceded and reaffirmed in each of the foregoing group of citations. So, with the interest of the beneficiary thus settled, as dependent on the option of the insured during his lifetime, these mentions thereof as "a vested interest subject to be divested" at the will of the insured, are without force, in either view of their bearing in the adjudication, to confer or impose property right in such expectancy, within the purview of the Bankruptcy Act.

We are of opinion, therefore, that the order of the District Court is unauthorized, and it is reversed, accordingly, with direction to dismiss the petition of Fauerbach Brewing Company, and release the insurance proceeds.