## ALLEN v. DIAMOND et al.

(Circuit Court of Appeals, Seventh Circuit. May 24, 1926.)

No. 3681.

1. **Insurance ⊕⇒438—Life policy not forfeited by execution for crime (Const. Ind. art. 1, § 75; Const. Ill. art. 2, § 11).**

In view of Const. Ind. art. 1, § 75, and Const. Ill. art. 2, § 11, a life policy made in Indiana, and sought to be enforced in Illinois, not forfeited, nor liability avoided, because of the execution of assured for crime committed.

2. **Insurance ⊕⇒438—Criminal act of assured in life policy cannot enlarge or restrict rights of beneficiaries.**

The rights of the beneficiary in a life policy are fixed and determined by the policy, and cannot be enlarged or restricted by any criminal action of the insured.

3. **Insurance ⊕⇒593(1)—Under terms of life policies, assignees held entitled to proceeds as against executor of beneficiary named, who was murdered by assured.**

Life policies gave assured the right to change beneficiaries, and provided that, in case of the death of the beneficiary before his death, her interest should vest in assured. He murdered the beneficiary, and later assigned the policies. He was afterwards executed for the crime. *Held*, that assignees were entitled to recover on the policies, and that the executor of the wife's will had no interest therein.

Appeal from the District Court of the United States for the Eastern Division of the Northern District of Illinois.

Action at law by Joseph A. Diamond and another against the New York Life Insurance Company; James G. Allen, executor of the will of Nettie D. Diamond, deceased, in-

tervener. Transferred to equity docket on motion of parties. From an order striking out intervener's answer, he appeals. Affirmed.

L. A. Stebbins, of Chicago, Ill., for appellant.

Walter Bachrach, of Chicago, Ill., for appellees.

Before ALSCHULER, ·EVANS, and PAGE, Circuit Judges.

EVAN A. EVANS, Circuit Judge. Two life insurance policies of $5,000 each were issued by the New York Life Insurance Company upon the life of one Harry H. Diamond. Upon his death, both his heirs and the executor of the will of his deceased wife demanded the money of the insurance company. The insurance company did not question its liability, but was uncertain as to the beneficiaries, and therefore paid the money into court. The controversy is therefore one between the claimants only.

Diamond died November 19, 1924. He was executed by the state of Indiana for the murder of his wife, which occurred February 15, 1923. She had been named beneficiary in each policy. Each policy contained a clause reserving to the insured the right to change the beneficiary at any time. Each policy also provided that in case of the death of the beneficiary before the assured's, the interest of such beneficiary should vest in the assured. On March 31, 1923, the assured assigned the policies to his father and mother, appellees herein.

This case reaches this court through appeal and upon these proceedings. The assignees, heirs of the assured, appellees here, brought their action against the insurance company. Appellant sought to intervene and filed an answer. The court transferred the cause from the law to the equity side of the calendar upon motion of the parties. Plaintiffs then moved to strike out the intervening appellant's answer, which motion was granted. This appeal followed. The right of some one to recover in this case is not disputed by the insurance company, and is conceded by both parties. It need hardly be vindicated then, saving as such vindication clarifies the issue.

[1] The contract was made in Indiana. It was being enforced in Illinois. In both states, constitutional provisions are to be found which provide that no conviction shall work a forfeiture of the estate of the convicted party. Const. Ind. art. 1, § 75; Const. Ill. art. 2, § 11. Similar provisions are found in the organic law of most of the states. It is expressive of what might be called the public policy of these states. Its application has led to numerous holdings to the effect that life insurance policies will not be defeated because the assured met his death through execution and as a penalty for a murder by him committed. Collins v. Metropolitan Life Ins. Co., 232 Ill. 37, 83 N. E. 542, 14 L. R. A. (N. S.) 356, 122 Am. St. Rep. 54, 13 Ann. Cas. 129; Wall v. Pfanschmidt, 265 Ill. 180, 106 N. E. 785, L. R. A. 1915C, 228, Ann. Cas. 1916A, 674; Weeks v. New York Life Ins. Co., 128 S. C. 223, 122 S. E. 586, 35 A. L. R. 1482; American National Ins. Co. v. Coates, 112 Tex. 267, 246 S. W. 356; Fields v. Metropolitan Life Ins. Co., 147 Tenn. 464, 249 S. W. 798, 36 A. L. R. 1250; Murphy v. Metropolitan Life Ins. Co., 152 Ga. 393, 110 S. E. 178; Armster v. Metropolitan Life Ins. Co., 207 Ill. App. 514; Supreme Lodge v. Overton, 203 Ala. 193, 82 So. 443, 16 A. L. R. 649; Hatch v. Mutual Life Ins. Co., 120 Mass. 550, 21 Am. Rep. 541; Wells v. New England Mutual Life Ins. Co., 191 Pa. 207, 43 A. 126, 53 L. R. A. 327, 71 Am. St. Rep. 763; McDonald v. Order of Triple Alliance, 57 Mo. App. 87; 14 R. C. L. p. 1227.

It is true that in many of these decisions the existence of the incontestable clause in the policy was a persuasive factor in the case. The weight of authority seems to favor the validity of these contracts, however, and in view of the reasons, well stated in Weeks v. New York Life Ins. Co., supra, we hold there was no forfeiture of the insurance or avoidance of liability by reason of Diamond's execution as a result of the crime he committed.

Who, then, is entitled to recover?

Obviously the answer must be found in the policy, the contract that fixed the rights of all parties.

[2] The beneficiary's rights were fixed and determined by the policy. They could not be enlarged nor restricted by any criminal action of the assured. Hers was a naked expectancy—an inchoate right, liable to be defeated by her death prior to that of the assured, or by a change in the beneficiary made by the assured during the life of the policy. Supreme Council Royal Arcanum v. Behrend, 247 U. S. 394, 38 S. Ct. 522, 62 L. Ed. 1182, 1 A. L. R. 966; In re Hogan, 194 F. 846, 114 C. C. A. 634. It is likewise apparent that the assured could not, by his own wrongful deed, enlarge his interest under the policy, or, by the same means, diminish or restrict the rights of another.

[3] We fail to find anything in the contract that would support a recovery by appellant. It was only in case the beneficiary survived the assured that she could recover. Assured's wrongful act had no bearing upon the maturing of the policy, and it was the death of the *assured* (not the death of the *beneficiary*) that created the liability. Appellant must rely upon the strength of his own claim, not on the weakness of his adversaries' position. The court struck out his answer, because appellant had no interest in or claim to the proceeds of these policies. He does not strengthen his position by attacking the claim of his opponents.

To recover in this case, however, appellees need only rely upon their rights, fixed as they were by the terms of the contract. Recovery was not affected by the death of the beneficiary. The insurance was in full force, notwithstanding the death of the beneficiary. The policy being in full force and effect after the beneficiary's demise, the rights of the living parties were unchanged. The assured had the unqualified right *before* and *after* the death of the first named beneficiary to change the beneficiary.

The decree is affirmed.