## APPEAL OF MORTIMER C. ADLER.

Docket No. 5770.   Promulgated January 11, 1927.

The petitioner procured a policy of insurance on his own life, naming therein as beneficiaries certain religious and charitable corporations. *Held*, that the payment of the premium was not a gift or contribution within the meaning of section 214(a)(11) of the Revenue Act of 1921.

*W. W. Spalding, Esq.*, for the petitioner.
*Henry Ravenel, Esq.*, for the Commissioner.

The Commissioner determined a deficiency in income taxes for the year 1921 in the sum of $361.05. The petitioner prays a redetermina-

tion of his tax liability and alleges that the Commissioner erred in that he disallowed a certain deduction in the sum of $1,159 claimed by the petitioner by reason of having paid said amount within the taxable year as premiums due upon a certain life insurance policy the beneficiaries of which were religious and educational institutions.

### FINDINGS OF FACT.

Prior to the taxable year here involved, the petitioner procured a policy of insurance upon his own life. The beneficiaries named therein were religious and educational institutions. The policy contained a clause or provision under which the insured was permitted to change the beneficiaries named therein. During the year 1921 the petitioner paid the premium on said policy amounting to $1,159. During the year 1924 the clause or provision under which the insured was permitted to change beneficiaries was revoked or canceled by an agreement between the insured and the insurer. On his income-tax return for the year in question, the petitioner claimed as a deduction the amount of the premium so paid.

### OPINION.

GREEN: The parties are in accord as to the facts and the only question we are called upon to determine is whether the petitioner, as a matter of law, is entitled to deduct the premium so paid as a contribution within the provisions of section 214(a)(11) of the Revenue Act of 1921, it being conceded by the Commissioner that the " organizations " are religious or educational corporations within the purview of the statute.

In cases where the insured had not reserved the right to change the beneficiaries named in the policies, the Commissioner has heretofore allowed an insured to take as a deduction the amount of premiums paid where the beneficiaries of the policies were corporations of the sort mentioned in the statute.

In support of his contention that the deduction should be allowed even though the right to change the beneficiary be reserved to the insured, the petitioner calls our attention to the ruling of the Commissioner published as Law Opinion 1102, C. B. I-2, page 50. In that opinion the conclusion was reached that the creator of a trust, the income of which was to be distributed annually, need not include in his gross income the income of the trust, even though he retain the right to change beneficiaries or make himself the sole beneficiary thereunder so long as such action was not taken by him. In the opinion it is pointed out that the creation of the trust vests

in the beneficiaries an interest *in praesenti;* that the beneficiaries could not have maintained an action to compel the trustee to make the annual payments; and that no new rights were vested in the beneficiaries by reason of the death of the creator of the trust, the only effect being to extinguish the possibility of revocation or change of beneficiary.

It is contended that the rights of the beneficiaries of the policy of insurance taken out by the petitioner are analogous to the rights of the beneficiaries of a revocable trust, to the extent that they also have a definite vested interest in the policy or its proceeds. The rights of a beneficiary named in a life insurance policy wherein there has been reserved to the insured the right to change the beneficiary, have frequently been the subject of consideration by the courts.

In the case of *Mutual Benefit Life Insurance Co.* v. *Swett*, 222 Fed. 200, the court said:

The rule is well settled that, under an ordinary policy of life insurance in which there is no reservation of a right to cut off or modify the interest of the beneficiary, the policy and the money to become due under it belong, from the time it issued, to the person named in it as the beneficiary, and that the insured is without power, whether by deed, assignment or will, or by surrender of the policy for a new one, or by any other act of his, to transfer to any other person the interest of the person so named as beneficiary. In such a policy the beneficiary acquires, the moment it is issued, a vested right which cannot be affected by any act of the insured subsequent to the execution of the policy, except it be a breach of condition. *Washington Central Bank* v. *Hume*, 128 U. S. 195 * * *. If, however, by the terms of the policy itself there is reserved to the insured the right, without the consent of the beneficiary, to change the appointee with the assent of the insurer, the beneficiary acquires only an expectancy and not a vested interest during the life of the insured. * * * *Hopkins* v. *Northwestern Life Assur. Co.*, 99 Fed. 199, 40 C. C. A. 1 (C. C. A. 3) ; *Hogan* v. *Fauerbach Brewing Co.*, 194 Fed. 846, 848, 114 C. C. A. 634 (C. C. A. 7) * * *.

The right so reserved rests upon the terms of the contract, and is the same as that conferred on the insured by the certificate, charter, or by-laws of a mutual or benefit association, when insurance is effected in such an organization. As the policy to Swett stipulated that he might, on his written request of the company for its appropriate indorsement on the policy, change the beneficiary, his wife did not acquire a permanent or vested interest in it. The existence of such an interest during her husband's lifetime was made impossible by the control over the contract of insurance given to him, independent of her will. Her right was inchoate, a mere expectancy during his lifetime, dependent on the will and pleasure of her husband as holder of the policy, and could not vest until his death happened with the policy unchanged. His control over the policy was, subject to its terms, as complete as if he himself had been the beneficiary. *Denver Life Ins. Co.* v. *Crane*, 19 Colo. App. 191, 200, 73 Pac. 875.

See also *In re Hogan*, 194 Fed. 846; *Slocum* v. *Metropolitan Life Insurance Co.*, 245 Mass. 565; 139 N. E. 816; *Eltonhead* v. *Travelers' Insurance Co.*, 163 N. Y. S. 838; and *Wagner* v. *Thierot*, 194 N. Y. S. 610.

The petitioner herein, by taking out the policy of life insurance, did not in so doing create or vest in the beneficiaries a vested interest in the policy or its proceeds. Their interest, if such it may be called, was a mere expectancy. The payment of premiums due upon the policy did not enlarge this interest. The effect of such payment was only to perpetuate the expectancy.

Section 214(a)(11) of the Revenue Act of 1921 provides that there shall be allowed as deductions in computing net income:

Contributions or gifts made within the taxable year to or for the use of: * * * (B) any corporation, or community chest, fund, or foundation, organized and operated exclusively for religious, charitable, scientific, literary, or educational purposes, including posts of the American Legion or the women's auxiliary units thereof, or for the prevention of cruelty to children or animals, no part of the net earnings of which inures to the benefit of any private stockholder or individual * * *.

Contributions or gifts are deductible if they are to, or for the use of, organizations of the type described in the statute. Obviously the payment of premiums to the insurance company is not a contribution or gift *to* the beneficiaries named in the policy. If such premium payment is deductible it must be because it is a contribution or gift " for the use of " the beneficiaries. Two questions are thus presented: First, is such payment a gift or contribution; and, second, is it for the use of the beneficiary? In every contribution or gift there are at least two essential elements; first, that the maker or donor part with something, and, second, that the donee receive something. Under the facts in this appeal it can not be said that the petitioner, by paying the premium, parted with anything by way of contribution or gift, for he still retained the right to name the recipient of the thing purchased with the payment. It is equally clear that the beneficiaries received nothing. For the same reason it can not be said that the payment was for the use of the beneficiaries. We therefore hold that the premium payment was not a gift or contribution within the contemplation of the statute.

We are not called upon to decide whether the petitioner may deduct premiums paid after he had waived or revoked his right to change beneficiaries. That action was taken in 1924 and could have no effect upon the relationship existing between himself and the beneficiaries in 1921. The legal rights of the parties were fixed by the conditions then existing and the right to the deduction may not be determined in the light of changes in the relationship effected in subsequent years.

*Judgment will be entered for the Commissioner.*